# Anniston & Cincinnati Railroad Co. v. Jacksonville, Gadsden & Attalla Railroad Co.

*Bill in Equity for Injunction, between Railroad Companies Claiming Right of Way.*

1. *Condemning property and franchises of corporation to public uses.* Under constitutional provisions, the property and franchises of corporations may be subjected to public use, "the same as individuals" (Art. I, § 24); but this power can only be exercised by the General Assembly, and is not conferred on the courts by the general statutory provisions regulating the taking of private property for public use.

2. *Statutory proceedings condemning right of way for railroad.*—When a railroad company has acquired a specific right of way, that right can not be taken away by statutory proceedings at the suit of another railroad company (Code, §§ 3580–92); yet, when the right of way as claimed is one hundred feet wide, "which common knowledge teaches is ample space for two or more lateral tracks," and another railroad company can obtain room for its track along this space through a mountain gap, without obstructing the free and ample use of the same by the first, the right to do so may be obtained through statutory proceedings in the nature of *ad quod damnum.*

3. *Same; injunction against.*—A railroad company, claiming a road-bed and right of way through a narrow mountain gap, can not enjoin by bill in equity statutory proceedings instituted by another company against the owners of the land, seeking to condemn a right of way for its road, and not making the first company a party.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSpadden.

The appeal in this case is taken from a decretal order overruling a motion to dissolve an injunction, both for want of equity in the bill, and on the denials of the answer; and said decree is here assigned as error. The opinion states the material allegations of the bill.

WM. H. DENSON, JNO. M. McKLEROY, and AIKEN, DORTCH

[Anniston & Cin. R. R. Co. v. Jacksonville, G. & A. R. R. Co.]

& MARTIN, for the appellant.—The bill presents the case of two railroad companies, each organized under the general statutes for the purpose of building a railroad through the same country, contending about a gap through the mountains, which is shown to be the only practicable route through the mountains. The complainant claims to be in actual possession, and alleges that the defendant is seeking to acquire the use and possession, not by force, nor by fraud, but by condemnation proceedings under the statute, against the owners of the land, to which the complainant has not been made a party. That one railroad company may condemn the road-bed and right of way of another, especially when the property to be condemned is the only practicable route, can not be doubted.—Code of 1876, §§ 1842, 3580; *E. & W. Railway Co. v. E. T., V. & G. Railroad Co.*, 75 Ala. 275; *A. & F. Railroad Co. v. Kenney*, 39 Ala. 307; *Sixth Avenue Railroad Co. v. Kerr*, 72 N. Y. 330; Wood on Railroads, § 229, notes. If the complainant is in possession, as alleged, and is not made a party to these statutory proceedings, any judgment that may be rendered can not affect its rights, nor cast a cloud on its title, but will be void on its face. Moreover, the complainant has an adequate and complete remedy against these proceedings, by making itself a party, and then asserting its rights before that tribunal.—Code, §§ 1841, 3581–87; *Railway Co. v. Gates*, 11 N. E. Reporter, 527.

BROTHERS, WILLETT & WILLETT, and H. C. TOMPKINS, *contra.*—(1.) A railroad company can not condemn property already dedicated to a public use; and when property has been taken by another railroad company, it is deemed to be taken for public use.—*In re Boston Railroad Co.*, 53 N. Y. 574; *State v. Railroad Co.*, 35 N. J. Law, 328; Boone on Corporations, § 247; Angell & Ames on Corporations, § 192; 5 Wait's Actions & D. 287–9; *State v. Rives*, 5 Ired. N. C. 297; *Railroad Co. v. Greeley*, 17 N. H. 47; *Rogers v. Burlington*, 3 Wall. 654; 40 Amer. Rep. 743; 75 Va. 780. The General Assembly may, under constitutional provisions, have the power to take such property, in the exercise of its right of eminent domain; but it has never conferred the power on the courts. (2.) A court of equity will interpose by injunction, to prevent a railroad company from taking possession of property without first making just compensation; and this without regard to the question of irreparable damage, or the adequacy of legal remedies.—*E. & W. Railway Co. v. E. T., Va. & Ga. Railroad Co.*, 75 Ala. 275; *Miller v. Mayor of Mobile*, 47 Ala. 163; 22 Amer. & Eng. R. R.
VOL. LXXXII.

Cases, 88–91.   (3.) The equity of the bill is maintainable on the further ground, that it seeks to prevent a cloud on the complainant's title to land of which it is in possession. 1 High. Inj., §§ 372 et seq.; 3 Pom. Equity, § 1399, note 2; 5 Paige, 493; 6 Paige, 262; 19 Iowa, 305; 23 Wall. 108; *A. & F. Railroad Co. v. Burkett,* 42 Ala. 83.

STONE, C. J.—The present controversy is between two railroad corporations, each chartered under the general statutes of the State, and having only the powers therein conferred.—Code of 1876, Art. 2, chap. 1, tit. 1, Part 2, commencing with section 1821.   The complainant corporation, appellee, avers that it has acquired and owns a right of way, grading, and embankment, over and across certain tracts or parcels of land, describing them by government survey numbers, and is in the actual possession thereof.   The bill further charges, that the appellant corporation has entered upon certain named parts of complainant's said right of way, claiming the right to take possession, use, and control the same, and has filed its petition in the Probate Court of Etowah county, Alabama, "seeking to condemn orator's right of way and road-bed, together with all the grading and culverting done thereon," through the said lands described in the bill.   It charges that, in said proceedings for condemnation, it has made the owners of the fee in the lands parties respondent to the petition, and has neither made complainant corporation a party, nor taken any notice of its interest.   On these grounds, the complainant prayed and obtained an injunction, which the defendant moved to dissolve,—first, on its demurrer for want of equity in the bill; and, second, on the denials of the answer.   The chancellor overruled the motion to dissolve, and it is renewed here.

The real contention in this case seems to be over a short section of the line through a gap in the mountain, known as Davis' Gap.   The contention becomes all the more important and earnest, if, as is contended in argument, the gap is so confined and narrow, as not to admit of two tracks through it.   The pleadings do not enable us to pronounce a satisfactory judgment on this matter.

Certain great principles—principles which inhere in the very idea of government—enter largely into the consideration of the questions before us.   "The exercise of the right of eminent domain shall never be abridged, nor so construed as to prevent the General Assembly from taking the property and franchises of incorporated companies, and subjecting them to public use, the same as individuals."—Constitution of Alabama, Art. I, § 24; *Ib.* Art. XIV, § 7.   It is

thus seen that the property of a corporation,—even its
franchise, the life-blood of its existence,—may be taken for
public use.—*Peters v. N. O., Mobile & C. R. R. Co.*, 56 Ala.
528, and authorities cited; *Tuckohoe Canal Co. v. T. & J. R.
R. Co.*, 11 Leigh, 42.

By what power can this supreme function of government
be exercised? Not under the general power to take private
property for public use, in the exercise of a jurisdiction
conferred on the courts of the country. Such power does
not extend to property already dedicated to, or condemned,
or acquired and held by another corporation for public use,
unless it is expressly given by the statute conferring the
jurisdiction. Lands once taken for a public use, pursuant
to law, under the right of eminent domain, can not, under
general laws, and without special authority from the legis-
lature, be appropriated by proceedings *in invitum* to a dif-
ferent public use. It requires legislative authority for de-
stroying a corporate franchise, or corporate rights, by merg-
ing them in another, deemed more beneficial to the public.
*Prospect Park & C. I. Co. v. Williamson*, 91 N. Y. 552; *A. &
F. Railway Co. v. A. & W. R. R. Co.*, 75 Va. 780; Cooley
Cons. Lim. 527, and *note;* 5 Wait's Ac. & Def. 287; Mills
Em. Domain, § 44; *Ib.*, § 38; *In re B. & A. R. R.*, 53 N. Y.
574; *In re Rochester Water Com'rs*, 66 N. Y. 413; *State,
Mayor, etc. v. Montclair*, 35 N. J. Law, 328; *Penn. R. R. Co.
Appeal*, 93 Penn. St. 150; *L. M., C. & X. R. R. Co. v. Dayton*,
23 Ohio St. 510; *N. C., R. & D. R. R. Co. v. C. & C. Rail-
way Co.*, 83 N. C. 489; *C. C. Horse Railway Co. v. R. & C.
Horse Railway Co.*, 81 Ill. 523; *L. S. & M. S. Railway Co.
v. Chi. W. Ind. R. R. Co.*, 97 Ill. 506; Boone Em. Domain,
§ 247. See, also, Washb. Easements (4th ed.), 456; *West
Riv. Bridge Co. v. Dix*, 6 How. 507; *R., F. & P. R. R. Co.
v. Louisa R. R. Co.*, 13 How. 71; *Boston Water P. Co. v.
Boston & W. R. R. Co.*, 23 Pick. 360; *Piscataqua Bridge v.
N. H. Bridge*, 7 N. H. 35; *Crosby, v. Hanover*, 36 N. H. 404;
*Com. v. Penn. Canal Co.*, 66 Penn. St. 41; *In re Towanda
Bridge Co.*, 91 Penn. St. 216; *C. R., I. & Pac. R. R. Co. v.
Town of Lake*, 71 Ill. 333.

It results from these principles, that if the complainant
corporation had, as it alleges, acquired a specific right of
way, the respondent corporation can not devest that right
under the proceedings instituted. It would require an ex-
press act of legislation to accomplish it, and then only on
the pre-payment of damages.

As we have said, the pleadings do not sufficiently inform
us, whether Davis' Gap has sufficient capacity for two inde-
pendent railroad tracks. The complainant railroad com-

pany claims that it owns a right of way of one hundred feet in width.    Common knowledge teaches us that one hundred feet in width is ample space for two or more lateral tracks of railroad.    It is nowhere shown that the respondent rail-road company can not obtain room for its track over com-plainant's right of way, without obstructing complainant's free and ample use of the same.    If such is the case, the Probate Court has jurisdiction to condemn so much thereof as is necessary for respondent's road-bed.—*East & West Railroad Co. v. E. T., V. & G. R. R. Co.*, 75 Ala. 275.

If, as averred in the bill, the respondent railroad com-pany, without notice to complainant, is proceeding in the Probate Court to obtain condemnation of complainant's road-bed, or so much of its right of way as to destroy its use to complainant, such proceeding can not injure com-plainant for two reasons.    *First*, the Probate Court has no jurisdiction to condemn the road-bed of one incorporated railroad company, for the use of another.    *Second*, no pro-ceedings for condemnation, had in the Probate Court, can affect the complainant's rights in any way, without making it a party, and bringing it in by notice.    Of course, we are not determining what rights the complainant has.    We are pronouncing on the right asserted in its bill.

It is contended for the appellant, that if the respondent railroad company ever owned the road-bed and right of way it claims, it has forfeited it by its failure to build the road within the time it should have done so, under the terms by which it acquired the right of way, or within a reasonable time after such acquisition.    This record fails to show there is anything in this objection.

We have shown above, that if the complainant owns the road-bed and right of way it claims to own, then, even if the condemnation proceedings made it a party, and brought it in by notice, any judgment that might be rendered, con-demning such road-bed, would be without jurisdiction, and void.    It would confer no rights whatever.

If the complainant company had such right of way, any condemnation of a part of that, without making it a party and giving it notice, would be inoperative against it.—*Co-lumbus & Western Railroad v. Witherow*, at the present term ; *ante*, p. 190.

On the other hand, the Probate Court has jurisdiction, on proper proceedings, and giving proper notice, to inquire of, and condemn a part of the complainant's right of way, pro-vided it can be done without destroying its usefulness as a franchise, or so impairing the capacity of the easement as to render it unsafe.

[Jones v. Anderson.]

We may add, if the complainant owns the right it asserts, it can maintain an action at law, should its alleged possession be disturbed, without a legally authorized warrant therefor.—*Tenn. & Coosa R. R. R. Co. v. East Ala. Railway Co.*, 73 Ala. 426 ; s. c., 78 Ala. 274.

The complainant's bill is without equity, and the injunction must be dissolved on that account.

The decree of the chancellor is reversed, and a decree here rendered dissolving the injunction,

Reversed and rendered.