# Mobile & Girard Railroad Co. *v.* Ala. Midland Railway Co.

*Bill in Equity between Railroad Corporations, for Injunction against Statutory Proceedings for Condemnation of Right of Way.*

1. *Statutory proceedings for condemnation of right of way between railroad companies; injunction against.*—A court of equity will not interfere by injunction, at the suit of one railroad company, to prevent or restrain statutory proceedings by another for the condemnation of a part of its right of way, pending an appeal from the judgment of condemnation; since the appeal is an adequate remedy for the correction of errors and irregularities in the proceedings, if only irregular and erroneous, and the defendant is a trespasser if they are void; and the prosecution of the work by the defendant pending the appeal, having paid the assessed damages into court, does not add equity to the bill.

2. *Same; payment of assessed damages into court.*—Under former statutory provisions, the petitioning railroad company, on paying into court the assessed damages, or condemnation money, was authorized to proceed with its work pending an appeal from the judgment of condemnation (Code, 1876, § 3593); but this statutory provision is not now of force, and the payment of the money into court, pending the appeal, is not authorized, and has no effect on the rights of the parties.

3. *Same; how far one railroad company may condemn part of another's right of way.*—Under statutory proceedings for the condemnation of a right of way by a railroad company (Code, §§ 3207-18), a part of the road-bed of another railroad can not be condemned, including a sufficient space on each side for the safe passage of trains; but the road-bed does not include all the space covered by necessary embankments and excavations.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 19th April, 1889, by the Mobile & Girard Railroad Company, and its lessee, the Central Railroad & Banking Company of Georgia, against the Alabama Midland Railroad Company, a corporation organized under the general statutes of Alabama; and sought to enjoin and restrain the defendant from further obstruction or interference with the right of way and franchises of said Mobile & Girard Railroad Company, and from the further prosecution of its work under the judgment of condemnation rendered by the Probate Court of Pike county, under statutory proceedings instituted for that purpose. The proceedings referred to are those shown by the report of the

case between the same parties, *ante*, p. 501. The bill set out all the proceedings had inthat case, stating the grounds of demurrer filed to the petition, the rulings of the court thereon, and judgment of condemnation; and further alleged that the complainant had taken an appeal to this court from that judgment, and that the defendant, notwithstanding the appeal, had entered on complainant's right of way under said judgment, having paid the assessed damages to the probate judge, and had a large force employed in grading the same for its own purposes. The chancellor held that the bill contained equity, but dissolved the injunction on the denials of the answer; and the complainant appeals, assigning as error the decree dissolving the injunction.

ROQUEMORE, WHITE & McKENZIE, NORMAN & SON, and JOHN PEABODY, for appellant.—The bill is filed on the theory, that a court of equity will interfere by injunction to restrain corporations, invested with the right of taking private property by compulsory measures, from possessing themselves of property by such measures except in strict conformity to law—to keep them within the limits of their authority, and to enforce obedience to the constitution. *E. & W. Ala. Railroad Co. v. E. T., Va. & Ga. Railroad Co.*, 75 Ala. 275; Kerr on Inj., § 622; 15 Md. 199; 1 Bald. 205; 24 Penn. St. 159; 4 N. J. Eq. 57. There is now no statute of force authorizing the prosecution of the work pending an appeal, on paying the condemnation money into court; yet the defendant in this case is doing so, and the complainant is without remedy to prevent it except by injunction.—13 Kan. 514; 18 Kan. 331; 47 Ala. 609.

A. A. WILEY, *contra.*—The bill does not show a case of irreparable injury, and is utterly wanting in equity. If its allegations are true, the defendant is simply a trespasser, and an action at law is an adequate remedy. A void judgment can not cast a cloud on the title, and does not give a court of equity jurisdiction.—*Ewing v. St. Louis*, 5 Wall. 418; *Secombe v. Railroad Co.*, 23 Wall. 108; 82 Ala. 301; *Cooper v. Railroad Co.*, 85 Ala. 109; *Murphree v. Bishop*, 79 Ala. 404; *W. U. Tel. Co. v. Judkins*, 75 Ala. 428; High on Inj., § 629; *Boulo v. Railroad Co.*, 55 Ala. 480; *Glass v. Glass*, 76 Ala. 368. If the proceedings are only irregular, or erroneous, an appeal is the proper and only remedy to correct them.

CLOPTON, J.—Every question raised by the present bill is purely a legal question, and, according to the averments of the bill, an appeal to this court was pending, which was intended to bring, and did bring, each of these questions before us for review. The case of *Cooper v. Anniston & Atlantic R. R. Co.*, 85 Ala. 106, was very like the present one, except that in that case it was charged that the defendant railroad company was .insolvent. That charge is not made in this case. We pronounced that bill wanting in equity, and for a stronger reason, if possible, the present bill is without merit. The injunction was rightly dissolved, for want of equity in the bill.—*A. & C. R. R. Co. v. G. & A. R. R. Co.*, 82 Ala. 297.

The case of *Cooper v. A. & A. R. R. Co.*, *supra*, arose under our former statute, Code of 1876, § 3593. That section provided, that "No appeal shall, during the pendency of it, prevent or hinder the petitioner from occupying the lands involved therein, and proceeding to work thereon"; with a proviso, or condition, which was complied with in this case. The Code provision, copied above, is not found in the Code of 1886. In the absence of that statutory provision, paying or depositing the condemnation money does not authorize the petitioner, while the appeal is pending, to occupy the land, or work upon it. The acts, then, charged against the Midland Railway Company, and complained of, are a naked trespass on the possession and right of the Mobile & Girard Railroad Company, with no facts averred tending to show that the injury inflicted, or threatened, would work an irreparable injury. Of such trespass equity has no juridiction.—*Boulo v. Railroad*, 55 Ala. 480.

The complainants, in their bill, show sufficient title and possession to maintain an action at law.—*T. & C. R. R. Co. v. E. A. Railway Co.*, 75 Ala. 516.

In the case of *Anniston & Cin. R. R. Co. v. Jacksonville & A. R. R. Co.*, 82 Ala. 297, we said: "The Probate Court has no jurisdiction to condemn the road-bed of one incorporated railroad company, for the use of another." What is meant by the term "road-bed", is fully shown in the opinion. Speaking of Davis' Gap, the subject of contention in that case, our language was: "It is no where shown that the respondent railroad company can not obtain room for its track over complainant's right of way, without obstructing complainant's free and ample use of the same. If such is the case, the Probate Court has jurisdiction to condemn so much

thereof as is necessary for defendant's road-bed." Road-bed is here used as the synonym of the road's track—the track in use, or intended to be used, on which to operate its trains—and must include a sufficient space on either side, to allow trains to pass each other in safety. It was used in the same sense in *E. & W. R. R. Co. v. E. T., Va. & Ga. R. R. Co.*, 75 Ala. 275, 282. It was not intended to include, necessarily, the whole embankment which supports the track; for that, in cases of high embankments, would be required to be very broad at the base, to furnish the requisite lateral support. The real intention was, that the track or tracks of one railroad that were in use, together with sufficient space for their safe use, could not be condemned by another rail-road company for its use; or, what is the same thing, that that part of a railroad company's right of way which was in actual use, and necessary for such actual use, could not be taken from it, and given to another railroad company, thus destroying, or greatly obstructing, all that was useful in one corporate franchise, and vesting it in another corporation. The legislature had not conferred this power and jurisdiction, we said. On the other hand, if a second condemnation can be so carved out of a right of way previously granted to another railroad company, as to leave the latter's track without such hindrance or obstruction as to render its use unsafe, or materially obstructed, then the Probate Court has jurisdiction to order the condemnation, and the Chancery Court is without jurisdiction to interfere with it. And in condemning a part of the right of way of an older corporation, previous excavations or embankments do not, as such, enter into the question of jurisdiction. That is not the road-bed or track (we use them convertibly) which the legislature has given no power to take. The inquiry is, whether the new condemnation can be made, without destroying the use and usefulness of that part of the first acquired right of way which is in actual use, or so obstructing, hindering or embarrassing it as to render it unsafe. So long as there is no attempt to appropriate or destroy that part of another corporation's right of way which is in actual use, or to so obstruct or impair it as to render it unsafe, or to materially embarrass its use, the jurisdiction of the Probate Court is ample, and, in the first instance, exclusive.

We have not given the authorities which support our views. They are cited in our own decisions referred to in this opinion.

[Cary v. Simmons.]

Provision is made in Art. XIV, § 21, of our constitution, securing to a railroad corporation the right to "intersect, connect with, or cross any other railroad." And the statute (Code of 1886, § 1582) has provided the mode of enforcing this right.

Affirmed.

