| | |
|---|---|
| 93 | 505 |
| 96 | 277 |
| 96 | 578 |
| 93 | 505 |
| 116 | 61 |
| 119 | 143 |
| 93 | 505 |
| 122 | 354 |

# Highland Avenue & Belt Railroad Company *v.* Birmingham Union Railway Company.

*Bill in Equity for Injunction, between Street Railway Companies.*

1. *Injunction of trespass, as between street railway companies.*—Where two street railway companies are operating their respective roads under a franchise granted by legal authority, their tracks crossing each other at the intersection of two streets, a court of equity will not entertain a bill for injunction by one of them, to restrain the other from laying a double track at the crossing, unless a case of irreparable injury is averred and proved, or other special facts showing the inadequacy of legal remedies.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

ALEX. T. LONDON, for appellant, cited 1 High, Injunctions, §§ 629, 722, 701; *E. & W. Railway Co. v. E. T., V. & G. Railroad Co.*, 75 Ala. 275; *Boulo v. Railroad Co.*, 55 Ala. 480; *Cooper v. A. & A. Railroad Co.*, 85 Ala. 106; 87 Ala. 520.

HEWITT, WALKER & PORTER, *contra.*

WALKER, J.—It appears from the bill as amended that the complainant had, for about five years before the commencement of the suit, been operating by horse power a street railroad over and along 19th Street in the city of Birmingham, as that street extends from 6th Avenue to and beyond 10th Avenue in said city; and that it had duly acquired a right of way for its said railroad along said route. It is further shown by the bill that when it was filed the defendant had been for some time and was then operating a railroad by steam power on a single track on and along 10th Avenue in said city from 21st Street westerly on and over and across complainant's at the crossing of 10th Avenue and 19th Street; that defendant was then constructing another track on 10th Avenue, which it was about to build across complainant's line of railroad and right of way at said point, without paying complainant any compensation therefor, and without the consent of the complainant, and without other authority of law. The bill alleges that the crossing of complainant's right of way and tracks by the defendant's proposed additional track "will greatly damage complainant by the wear and tear of its cars crossing the same and keeping said crossing in good repair, and otherwise greatly inconvenience and damage complainant." The prayer was for a temporary injunction to restrain and enjoin the defendant from crossing complainant's right of way and tracks at said point where 19th Street crosses 10th Avenue, until the defendant is legally entitled to appropriate complainant's said right of way according to law, and that on the final hearing said injunction be made perpetual, or retained until the defendant is legally entitled to cross said right of way by the condemnation thereof, or by an agreement with the complainant.

A temporary injunction was granted according to the prayer of the bill. The defendant interposed an answer, and demurrer to the bill, and also filed motions to dismiss the bill for want of equity, and to dissolve the injunction. The appeal is from a decree overruling the demurrer to the bill, the motion to dismiss the bill for want of equity, and the motion to dissolve the injunction on the denials of the answer. The defendant's answer, under the oath of the president, denies that complainant owns the right of way at the place where the two lines intersect, and alleges that the defendant owns the right of way on which complainant's track is laid at that crossing, and is entitled to build thereon its additional track, and is not bound to pay complainant for the right to make the proposed crossing.

The contest as disclosed by the record is between two street

[H. A. & B. R. R. Co. v. B. U. Railway Co.]

railroad companies, each of which is already using a thoroughfare of a city for the purposes of its business. As it does not appear that the city is interposing any objection to the maintenance and use of the respective structures of the complainant and of the defendant, or to the building of the additional track of the defendant, it will be presumed that the privilege of occupying the streets as exercised by both the parties is duly acquiesced in by the municipal authorities. It is plain that neither of them is vested with any property right in the street of greater dignity than a franchise for a right of way, and that such franchise can not amount to a right of exclusive occupancy of the street for railroad purposes, or operate to clothe the possessor thereof with power to prevent the crossing of its tracks by another railroad proceeding under proper municipal license.—*Birmingham & Pratt Mines Street Railway Co. v. Birmingham Street Railway Co.*, 79 Ala. 465. On the one hand, it is contended that the defendant is not entitled to build an additional track across the complainant's right of way and tracks, without making compensation. The defendant, on the other hand, denies the complainant's asserted right, and alleges that before the complainant came into existence a right of way for a double track railroad, to be operated by steam, along 10th Avenue and across 19th Street at the inter-section therewith, was appropriated and laid out, and has become the property of the defendant, and that the fact that the complainant's railway crosses the defendant's single track could not confer upon it the right to prevent the defendant using its prior acquired right of way for an additional track, or to compel the defendant to make compensation for the exercise of a privilege with which it was already vested. The real controversy is as to the ownership of or authority to control the right of way at the place of the proposed crossing. The purpose of the bill is to enjoin an alleged threatened trespass, without showing the insufficiency of legal remedies for the redress of the injuries that may be caused thereby. There is no averment that the defendant is insolvent, or that the anticipated injury would be irreparable. In the absence of any such showing it is not perceived upon what principle the right to an injunction can be maintained, unless a case is made for the exercise of the special jurisdiction conferred upon courts of equity to prevent the abuse by corporations of the right to call into exercise the power of eminent domain, and to keep them within the limits of the authority conferred upon them by law. This special jurisdiction was recognized in the case of *East & West R. R. Co. of Ala. v. E. T., V. & G. R. R. Co.*, 75 Ala. 275.

[H. A. & B. R. R. Co. v. B. U. Railway Co.]

The exercise of it was declined in that case, the court saying: "Though relief is granted more readily to a land-owner, whose lands are entered upon by a corporation having compulsory powers to take them for its own uses, and upon a different principle, than in cases of trespass, waste or nuisance; yet, as in such cases, if the right and title of the party complaining are not clear, or if the whole controversy resolves itself into a naked dispute as to the strength of the legal title, and it be not shown that an action of trespass, or of ejectment, will not afford all necessary relief, the court will not intervene by injunction." In view of the unequivocal denials of the answer in the present case, it can not be said that the right and title of the complainant are clear. The pleadings disclose a controversy as to the title upon which the claim to an injunction is based. That controversy is such as should be determined by a court of law. Conflicting legal rights are asserted. If the right of way already occupied by the defendant for a single track may of right be used by it for the additional track, and if the complainant has built its railroad at the point of crossing subject to this right, the injunction asked for by the complainant should not be retained merely because the bill asserts a claim adverse to that of the defendant. In the absence of a showing that the law could not afford adequate redress for the alleged threatened trespass, the possibility that the defendant's claim may turn out to be unfounded would be insufficient to support complainant's demand that the defendant be restrained from proceeding with its work until it shall have acquired a right which it already claims to have. In such circumstances, a court of equity should not interfere by way of an injunction to restrain the commission of an act alleged, on the one hand, to be a trespass, and, on the other hand, claimed apparently in good faith to be a legitimate exercise of a legal right; and the parties should be remitted to their respective remedies at law.—*Boulo v. New Orleans R. R. Co.*, 55 Ala. 480; *Mobile & Girard R. R. Co. v. Alabama Midland Railway Co.*, 87 Ala. 520.

Furthermore, on the question of retaining or dissolving the injunction, regard should be had to the consequences of adopting the one course or the other. If the injunction is dissolved and the crossing is made in the manner proposed by the defendant, according to the averments of the bill, and thereafter it turns out that complainant was entitled to compensation as it now claims; still, it will have suffered no injury for which it will not have adequate redress at law. If, on the other hand, the injunction is retained, and it eventually turns out that the defendant fully sustains its claim of right to make

[Nowlin v. Wesson.]

the crossing, the result, perhaps, would be to have deprived the public of increased facilities and conveniences of travel by the unwarranted interposition of a barrier to the construction of an additional line of railway, and to have entailed upon the defendant, by the obstruction and delay of its work, such damages as would be incapable of definite ascertainment. In view of the situation of the parties, it seems plain that the retention of the injunction would occasion more of injury and inconvenience than could follow from its dissolution. The considerations which should have weight in the exercise of that judicial discretion with which the court is vested in such a case, suggest the propriety of dissolving the injunction. *East & West R. R. Co. v. East Tenn., Va. & Ga. R. R. Co., supra.*

The stress of the arguments of counsel has been upon the question of retaining or dissolving the injunction. The assignments of error directed to the other features of the decree appealed from have not been sustained. That decree will be affirmed, except so far as it overrules the motion to dissolve the injunction; and a decree will be here rendered dissolving the injunction, and remanding the cause.

Reversed and rendered in part, and remanded.