13469. ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* CROSS.

BROYLES, C. J. 1. This court has jurisdiction to entertain this case although title to land is incidentally involved therein. The language, "in all cases respecting title to land," as employed in the constitutional amendment of 1916, is construed by the Supreme Court as meaning where title to land is directly involved, and not where it is only incidentally involved. *Elkins* v. *Merritt*, 146 *Ga.* 647, 648 (92 S. E. 51). Thus, this court has jurisdiction of a case where the owner of a lot of land situated on both sides of a right of way of a railroad company sues the company for damages on account of alleged trespass upon his land, and it appears from the allegations of the petition and the answer thereto that neither party disputes the title of the other to the land which they respectively claim, but the only issue is as to the proper location of a boundary line, and the prayer of the petition is for a money judgment. See *Frey* v. *Thompson*, 23 *Ga. App.* 160 (97 S. E. 753), a case which was transferred to this court by the Supreme Court under a written order holding as above stated.

2. The court did not err in construing the deed introduced in evidence (and upon which the defendant based its claim of prescriptive title to the land alleged to have been trespassed upon), which recited that "for the encouragement of the party of the second part in the building and completion of said railroad and in construction thereof, we, the parties of the first part, do hereby give, grant, and convey the bed of the road unto the said party of the second part the right of way through said lands aforesaid for the purposes aforesaid. And the said parties of the second part agree and bind themselves to cut ditches along the side of said railroad so that the water will be drained off from overflowing the lands of the parties of the first part," as conveying only the roadbed and the necessary space therefor and for the drainage ditches referred to in the deed. As to the proper construction of the term "bed of the road," or "roadbed," see Meadows *v.* Pacific Mut. Life Ins. Co., 129 Mo. 76 (31 S. W. 578, 585, 50 Am. St. R. 427); Mobile &c. R. Co. *v.* Alabama Midland Ry. Co., 87 Ala. 520 (6 So. 407, 408); City and County of San Francisco *v.* Central Pac. R. Co., 63 Cal. 467, 469 (49 Am R. 98); Chicago &c. Ry. Co. *v.* Cass County, 8 N. D. 18 (76 N. W. 239, 240); Santa Clara County *v.* Southern Pac. R. Co., 118 U. S. 394 (6 Sup. Ct. 1132, 1141, 30 L. ed. 118). The facts in *Williams* v. *Savannah, Florida & Western Ry. Co.*, 94 *Ga.* 540 (20 S. E. 487), cited and relied upon by plaintiff in error, clearly dis-

tinguish it from the instant case, so far as the construction of the deed is concerned.

(a) Under the above ruling, the 2d and 3d grounds of the amendment to the motion for a new trial, which are based upon the court's alleged improper construction of the deed introduced by the railroad company, are without merit.

3. Under the evidence adduced upon the trial, it was a question for the jury whether or not the deed, upon which the defendant based its claim of prescriptive title, covered the land alleged to have been trespassed upon, and their finding that it did not was authorized by the evidence.

4. The evidence authorized the jury to find that for more than twenty years the plaintiff had been in adverse possession of the land in question; and the verdict in his favor was not contrary to law and the evidence. Nor can this court say that the amount of the verdict ($400) was excessive. For no reason assigned was it error to overrule the motion for a new trial.

Judgment affirmed. Luke and Bloodworth, JJ., concur.
DECIDED JUNE 13, 1922.

Action for damages; from Dade superior court — Judge Tarver. February 20, 1922.

McClure, Hale & McClure, Maddox, McCamy & Shumate, for plaintiff in error.

W. U. Jacoway, contra.