LEWIS, trustee, *v.* FRY.

JENKINS, Justice. As many times held by this court, its constitutional jurisdiction of cases "respecting title to land" (Code, § 2-3005) imports only cases that directly involve the title, and does not cover those that only incidentally involve such a question. *Colley* v. *Atlanta & West Point R. Co.,* 156 *Ga.* 43, 44 (118 S. E. 712), and cit.; *Grobli* v. *Foreman,* 171 *Ga.* 712 (2) (156 S. E. 622); *Farkas* v. *Stephens,* 181 *Ga.* 669 (183 S. E. 796); *Alabama Great Southern R. Co.* v *Cross,* 28 *Ga. App.* 629 (112 S. E. 654). The present action was one at law for damages, and did not seek to determine any question as to the title of land.

The fact that one of the questions raised by the demurrer to the petition, in determining who would be a proper party plaintiff, involves the validity or construction of a trust deed executed to the plaintiff, does not make the case one directly involving title to the land described in such deed. The bill of exceptions must be

*Transferred to the Court of Appeals. All the Justices concur.*

No. 14306. NOVEMBER 10, 1942.

*Edward T. Hughes,* for plaintiff

*W. Winton Warren* and *Frank S. Twitty,* for defendant.