HARNESBERGER *v.* DAVIS *et al.*

ALMAND, Justice. Mrs. Louisa Harnesberger on April 24, 1951, applied to the Ordinary of Lincoln County, under the provisions of the act of 1937 (Ga. L. 1937, p. 861, Code, Ann. Supp., §§ 113-1023 et seq.), for approval of a proposed sale by her of three tracts of land, which had been set aside in 1923 as part of a year's support for her and the minor children from the estate of B. T. Harnesberger. It was alleged that all the children were now sui juris, and that it was necessary for the petitioner to sell and convey the three tracts for her present and future support. Mrs. Louise Harnesberger Davis and others filed objections to the application, and after a hearing the ordinary passed an order approving the proposed sale. The caveators filed an appeal to the superior court, and on the hearing the court overruled a general demurrer and motion to dismiss of the appellee, which asserted that

certiorari and not appeal was the proper remedy for a review of the ordinary's decision. Exceptions pendente lite were filed to this order, and on the trial of the appeal the appellee admitted that on January 8, 1944, September 14, 1946, and January 25, 1947, she, the appellee, had executed warranty deeds conveying all the three tracts which had been set apart to her and the children as a year's support, being the same tracts of land as to which she sought approval of the ordinary to sell. These three deeds were allowed in evidence over objections of the appellee. The court sustained an oral motion of the appellants and dismissed the application to sell the lands. The order of the court recites: "It appearing to the court that all of the land originally set apart to Mrs. Louisa Harnesberger and her minor children had been conveyed by her to J. O. Harnesberger and Guy W. Harnesberger, by deed previously made before the application to the ordinary to sell the land for such purpose. . . The court holds that Mrs. Louisa Harnesberger has already conveyed all of her interests in said tracts of land to said grantees, and under the evidence the court rules that he has no jurisdiction to pass upon the question of granting the right to sell said property, and the said proceeding is hereby dismissed." The case is here on a writ of error, assigning error on the exceptions pendente lite and on the order of dismissal. The bill of exceptions recites that this court has jurisdiction for the reason that title to land is involved. *Held*:

1. An application by a widow to the ordinary, under the provisions of the act of 1937 (Ga. L. 1937, p. 861, Code, Ann. Supp., §§ 113-1023 et seq.), for approval of the sale by her of property set aside as a year's support for herself and minor children, is a statutory proceeding, and does not involve any question of title to land. Compare *Colley* v. *Atlanta & West Point R. Co.*, 156 *Ga.* 43 (118 S. E. 712); *Adams* v. *Bishop*, 174 *Ga.* 262 (162 S. E. 531); *Dillon* v. *Sills*, 181 *Ga.* 582 (183 S. E. 563); *Lewis* v. *Fry*, 194 *Ga.* 842 (22 S. E. 2d, 817).

2. The only issues involved in the writ of error under review being ones of law only, the Court of Appeals and not the Supreme Court has jurisdiction to review the orders on which error is assigned.

*Transferred to Court of Appeals. All the Justices concur.*

No. 17741. SUBMITTED JANUARY 16, 1952—DECIDED JANUARY 16, 1952.

*Ben B. Ross, L. C. Groves,* for plaintiff in error.
*Jack E. McGahee, H. H. Hogan,* contra.