ELIZABETH A. TAYLOR, plaintiff in error, *vs.* CARROL A. CLOUD *et al.,* defendants in error.

It is a good ground of demurrer to a bill filed, to set aside a fraudulent deed to land, and praying possession of the land, that it is not filed in the county of the residence of the defendant; and it does not help the case that it is filed in the county where the land lies, and that the tenant of the principal defendant, which tenant lives on the land, is also made defendant, if no substantial relief is sought against said tenant.

Jurisdiction of Superior Court. Before Judge PARROTT. Catoosa Superior Court. August Term, 1869.

Taylor *vs.* Cloud *et al.*

Elizabeth A. Taylor, by her bill filed in Catoosa county, made this case:   In 1849, she made an ante-nuptial contract with one Fulcher, whereby they were to marry, but her property, and future acquisitions, were to be hers exclusively, and then married him.   This contract was legally recorded. . After the marriage she entrusted Fulcher with her money, etc., with a request that he should buy certain land in Walker (now Catoosa) county, Georgia; he bought the land, but took the conveyance to himself.   They took possession of the land, and improved it with her money.   In 1855 she and Fulcher separated, and she sued him for a divorce.   He proposed to sell said land in 1855, and then, for the first time, did she know that she had not a legal title to it.   In 1856 he conveyed it to his brother, pending said action for divorce, and solely to defraud her, and after she was divorced, and after she had notified Cloud of the facts, and that the land was hers, Cloud bought the land from said brother in April, 1858.   Because of her solicitor being ignorant of the facts, no disposition was made of said land when her divorce was granted.   In 1856 a judgment was obtained against her husband, Fulcher, and in July, 1858, said land was sold under said judgment, and Cloud bought it at sheriff's sale for about $600 00.   She married Taylor in 1859, and he did not die till 1864.   During her coverture the Statute of Limitations did not run against her.

Robert Strange, —— Strange and Robert Campbell, of Catoosa county, are in possession of said land as Cloud's tenants, and she prayed that they be parties defendant to the bill.   She averred that Cloud resided in Walton county, Georgia, and prayed for general relief, and that he account to her for the rents, issues and profits of said land, and that he be compelled to give her possession of it.

The bill was demurred to, upon the ground that it contained no equity, and that there was no jurisdiction in Catoosa county against Cloud, against whom alone any decree was asked for.   The Chancellor sustained the demurrer, and dismissed the bill.   That is assigned as error.

HOGE & SPRAYBERRY, for plaintiff in error, said the husband held the land in trust for her: Irw. Code, sec. 3158; 2d Story's Eq. Juris., sec. 1201; and so did Cloud, who bought with notice : Irwin's Code, sec. 2303. Catoosa county is the proper venue, as possession is prayed against the tenants of that county: Irwin's Code, sec. 4121; Smith vs. Bryan, 34th Ga. R., 61; Bivins vs. Bivins, 37th Ga. R., 346. The prayer for general relief is sufficient: Story's Eq. Pl., sec. 40; Mitford's Eq. Pl., 38; 14th Ga. R., 525. As to lapse of time: Cobb's Dig., 563; Act of 1856; Code, secs. 2637, 3140.

W. AKIN, for defendants, as to jurisdiction, cited: 19th Ga. R., 501; 34th, 53; and as to lapse of time : Irw.'s Code, secs. 2875, 2976.

McCAY, J.

We find nothing in this record distinguishing it from the case of *Smith vs. Bryan,* 34*th Georgia,* 52. That was a bill filed in Lee county, where the land was situated, against Bryan, who lived in Macon county. The bill, as does this, set up that Bryan's deed was fraudulent, and it prayed, as does this, possession of the land, and an account of the rents and profits. Bryan was in possession of the land in that case by his servants. In this case Cloud is in possession by his tenants. In both cases the persons in possession are privies of the principal, and both would be bound by a decree against him. If the defendants here, the Stranges, and Campbell, are in fact Mr. Cloud's tenants, and hold the land as such, (and so the bill charges,) a decree against Cloud would fully settle the whole matter, since the tenant stands in the shoes of his landlord, and must take his fate. No substantial relief is prayed against the defendants in Catoosa county. They have no interest in the land, except the right to occupy it under their principal, and when his rights are gone, theirs go with them.

Our Code, and the Constitution itself, requires bills to be

filed in a county in which one of the defendants resides, against whom substantial relief is prayed: Constitution of 1868, Art. 5, sec. 12, par. 4: Code, sec. 4124.

It might be different if the bill set up that the tenants claimed any rights not dependant on Cloud's right, as that they *claimed* to be innocent purchasers, or pretended to any right which would not be determined by a decree against Cloud alone. Were this a case of the first impression, a good deal might be said in favor of the view that this is really an action involving titles to land. But the case of *Bryan and Smith,* and the case of *Bivins vs. Bivins,* in 37th Georgia, 346, settle that question, and this Court is bound by those decisions.

For these reasons we affirm the judgment of the Court in sustaining the demurrer. The suit ought to be brought in the county of Cloud's residence. Catoosa has no jurisdiction of the case made by the bill.

Judgment affirmed.