## BLACK v. FRITZ.

1. That the defense to an action upon promissory notes for the price of land held by the defendant under a bond for titles from the plaintiff was failure of consideration on the alleged ground that the plaintiff did not have and consequently could not make a good title to the land in question, did not render the case one "respecting titles to land," and thus deprive the city court, in which the action was brought, of jurisdiction to entertain and render a verdict therein. In such a case the title to the land was only incidentally or collaterally involved.

2. This case, upon its merits, is controlled by the decision in *Black v. Walker*, this term.

January 18, 1896.

Complaint on notes. Before Judge Van Epps. City court of Atlanta. July term, 1895.

*W. W. Haden* and *John C. Reed*, for plaintiff in error.
*Thomas W. Latham*, contra.

SIMMONS, Chief Justice.

Fritz sued Black in the city court of Atlanta upon certain promissory notes given for part of the purchase money of land. Black filed a plea in which he alleged that he had contracted for the purchase of the land on the faith of the plaintiff having a good title to the same, taking from the plaintiff a bond conditioned for the making to him by plaintiff of a good and sufficient title on payment of the notes; but that he had since had the title investigated, and had discovered that the plaintiff did not have a good title. He offered to deliver up the bond for title, and to surrender possession of the land; and prayed that the contract of sale be rescinded, and for judgment against the plaintiff for the sums already paid him. The plea did not allege insolvency of the plaintiff, nor any ouster by the defendant from the land, and upon this ground it was demurred to. The court sustained the demurrer, and to this ruling the defendant excepted. Subsequently the defendant demurred orally to the declaration, on the ground that the

·court had no jurisdiction of the case, it being a case respecting titles to land, and the constitution declaring that the superior court shall have exclusive jurisdiction "in cases respecting titles to land." (Code, §5139.) The court overruled this demurrer, and to this ruling also the defendant excepted.

1. The court was right in overruling the demurrer to the declaration. The mere fact that the notes sued upon were for the purchase price of land did not render the case one· "respecting titles to land" within the meaning of the constitution. This question has been settled by various adjudications of this court. See *Smith* v. *Bryan*, 34 *Ga.* 53; *Bivins* v. *Bivins*, 37 *Ga.* 346; *Beckwith* v. *McBride & Co.*, 70 *Ga.* 644. In such a suit the title to land is only incidentally or collaterally involved. In *Smith* v. *Bryan*, *supra*, it is said that "cases respecting titles to land," in the intendment of the constitution, are "cases in which the plaintiff asserts his title to the land in question, and depends for a recovery upon his maintenance of it; or to supply a link in the chain, wanting by reason of accident or other cause." The jurisdiction of the court over the subject-matter of the plaintiff's petition of course could not be affected by the matter set up in the defendant's plea.

2. The case, upon its merits, is controlled by the decision in *Black* v. *Walker*, this term. According to that decision the court did not err in sustaining the demurrer to the plea above mentioned.        *Judgment affirmed.*