| 98  | 785 |
|-----|-----|
| 104 | 55  |
| 98  | 785 |
| 121 | 564 |
| 98  | 785 |
| h127| 638 |

## SAFFOLD *v.* SCOTTISH AMERICAN MORTGAGE COMPANY LIMITED *et al.*

Under the facts alleged in the petition, the superior court of the county in which it was brought was without jurisdiction to entertain it, and therefore the court committed no error in dismissing it on demurrer.

August 24, 1896.

Equitable petition. Before Judge Gober. Cobb superior court. March term, 1896.

*John C. Reed* and *H. B. Moss*, for plaintiff. *Anderson & Anderson* and *W. B. Wingfield*, for defendants.

SIMMONS, Chief Justice.

A. R. Saffold, suing as an heir at law of T. P. Saffold, brought, in the superior court of Cobb county, his equitable petition against Reid, administrator of T. P. Saffold, and against the Scottish American Mortgage Company Limited, in which he alleged that the intestate had made to the mortgage company, as security for a loan, a deed to certain land lying partly in Cobb county, which at the time of the filing of the petition was in the possession of the administrator as a part of the intestate's estate, and that the deed was void for usury, but the administrator, who it was alleged was in collusion with the mortgage company, declined to make the defense that it was usurious, and was paying usurious interest to the company from the rents of the land, and was in other respects mismanaging the estate. The petition prayed the appointment of a receiver, and that the administrator be enjoined from further collecting the rents and from paying any part thereof to the mortgage company, and from attempting to sell any of the lands; that the mortgage company be enjoined from enforcing the collection of any part of the debt until the case should be tried and the issue determined; and that a decree be had against the mortgage company requiring it to refund the interest received by it on the debt; and for the recovery of all of the lands covered by the deed to it; and that such deed be declared void as title, because of the usury with which it was infected.    It appeared from the petition that the defendant Reid was a resident of Putnam county, Georgia, and that the other defendant was a foreign corporation, but had agents in this State, two of whom in Fulton county were named in the petition.    It was not alleged that the corporation had an agent in Cobb county, though it was alleged that the petitioner was informed and believed that R. N. Holland, of Cobb county, represented the corporation as an attorney at law in the superior court of that county. A demurrer to the petition was sustained on the ground

that the court had no jurisdiction, and the prayer for injunction and the appointment of a receiver was denied.     To this judgment the plaintiff excepted.

We think the judge was right in holding that the court was without jurisdiction.   The constitution of this State, article 6, section 16, paragraph 6 (Code, §5172), provides that all civil cases, except those referred to in the preceding paragraphs of the same section, shall be tried in the county where the defendant resides.   Paragraph 1 relates to divorce cases; paragraph 2 provides that "cases respecting titles to land shall be tried in the county where the land lies."   Paragraph 3 provides that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."   The other paragraphs relate to suits against joint obligors, joint promissors, or joint trespassers, and against the maker and indorser of promissory notes, or drawer, acceptor and indorser of foreign or inland bills of exchange, or like instruments, residing in different counties.   Unless, therefore, the present case was one "respecting titles to land," it was essential that one of the defendants should be a resident of the county where the suit was brought, before the court could entertain jurisdiction of the case.   Title to land was not involved, however, except in so far as a cancellation of the deed from T. P. Saffold to the mortgage company was sought; and this court has repeatedly held that such suits are not "cases respecting titles to land," within the meaning of the constitution.   34 *Ga.* 53; 37 *Ga.* 346; 61 *Ga.* 120; 67 *Ga.* 135; 77 *Ga.* 504; 80 *Ga.* 553; 74 *Ga.* 387; 40 *Ga.* 288. See, also, 82 *Ga.* 406; *Black* v. *Fritz, ante,* 32.   As we have seen, one of the defendants was a resident of another county, and the other a foreign corporation which, so far as appeared, was without any person representing it in the county other than as attorney at law.   A foreign corporation doing business in this State may for purposes of suit be treated as a resident of this State and

of any county therein in which it has an agent upon whom service can be perfected. *City Fire Ins. Co. v. Carrugi*, 41 *Ga.* 660; *Williams* v. *Ry. Co.* 90 *Ga.* 520. But a foreign corporation with agents in this State upon whom service can be perfected cannot be subjected to suit in a county in which there is no such agent; and the fact that a corporation is represented in litigation in the superior court by an attorney at law does not, without more, show that he is authorized to receive service for the corporation in other litigation than that in which he has appeared as attorney. Of course an appearance by him as attorney in a case in which want of jurisdiction is urged, upon the ground here insisted upon, counts for nothing in this respect.

In the case of *Harris* v. *Palmore*, 74 *Ga.* 273, relied on by counsel for the plaintiff in error, it appeared that there was no agent of the defendant in this State, and besides, as the court undertook to show in the opinion, the suit directly involved title to land, and jurisdiction could therefore be entertained under paragraph 2 of article 6, section 16 of the constitution, above referred to, and section 3403 of the code.    *Judgment affirmed.*