### HIX v. KISER & COMPANY.

1. An equitable petition against a man and his wife, for the purpose of sub-
   jecting to judgments against the former, held by the plaintiffs, land to
   which the wife, as alleged, fraudulently and in collusion with the hus-
   band claimed title in order to defeat the collection of the plaintiffs' claims,
   was properly brought in the county of the residence of the husband and
   wife, although the land was situated in another county.
2. Such an equitable petition was not a suit "respecting titles to land,"
   within the meaning of par. 1, sec. 4, art. 6 of the constitution.
3. There was no error in directing a verdict for the plaintiffs.

Argued February 11,—Decided March 24, 1898.

Levy and claim.  Before Judge Hutchins.  Banks superior
court.  March term, 1897.

A. C. Moss and W. T. Crane, for plaintiff in error.
W. L. Telford and S. C. Dunlap, contra.

LUMPKIN, P. J.  In November, 1884, W. D. Hix, of Haber-
sham county, conveyed to his wife, Mary E. Hix, a tract of
land situated in Banks county.  His deed to her was not, how-
ever, recorded until September, 1893.  In November, 1891,
Hix conveyed the same land to M. C. & J. F. Kiser & Co. to
secure a debt due to them.  Subsequently, Bates, Kingsbery &
Co. filed an equitable petition in the superior court of Haber-
sham county against Hix and his wife and Kiser & Co., al-
leging, in substance, that Hix was indebted to them upon cer-
tain judgments; that Mrs. Hix, fraudulently, and in pursuance

of a scheme collusively entered into between her husband and herself, claimed the above-mentioned land for the purpose of defeating the collection of these judgments, and that (for reasons stated) it was subject thereto, after satisfying the demand of Kiser & Co., which was a debt of superior dignity to those due by Hix to the plaintiffs. Upon this petition, and in accordance with the prayers thereof, a judgment was had, directing a sale of the land in question, and providing that out of the proceeds of such sale the claim of Kiser & Co. be first discharged, and, after its satisfaction, that the judgments in favor of Bates, Kingsbery & Co. be paid, the remainder (if any) to be turned over to Mrs. Hix. The only material question in the present case is whether or not this judgment was binding upon her. The single reason alleged to the contrary is that the petition upon which it was founded should have been brought in the superior court of Banks county, where the land in question was situated, and not in the superior court of Habersham county. The position taken by counsel for the plaintiff in error was, that the case resulting in this judgment was a suit "respecting titles to land," and therefore not constitutionally maintainable elsewhere than in the superior court of the county wherein the land lay. We think that under the law laid down in numerous decisions of this court, in cases more or less similar to the one in hand, this contention is plainly without merit. We will briefly notice a few of them.

In *Royston* v. *Royston*, 21 *Ga.* 161, which was a case incidentally involving title to land, it was held that "the provision in the State constitution, requiring the title to lands to be tried in the county where they lie," did not apply. Judge Lumpkin said (page 174), "it is true to some extent, that the title is involved; still it is incidental only to the main controversy, and the constitution manifestly refers to cases brought for the purpose of trying the title." The contest in the case between Bates, Kingsbery & Co. and Hix and wife et al., did, certainly, put in issue the disputed question whether her claim of title was bona fide, or fraudulent; but it was merely incidental to the main controversy, which was whether or not, under the facts alleged, and upon the equitable grounds set

forth, in the plaintiff's petition, the land, even if the legal title was apparently in Mrs. Hix at the time the petition was filed, could be subjected to the payment of her husband's debts. Bates, Kingsbery & Co. were not asserting title to the land, nor seeking to recover it, but were undertaking the enforcement of equitable rights to which it was finally adjudged they were entitled.

This court, in *Smith* v. *Bryan*, 34 *Ga.* 53, decided that a bill in equity to set aside a sale of land and cancel a deed on the ground of fraud was not a case respecting titles to land, within the meaning of the constitution; and consequently that the superior court of the county in which the land was situated had no jurisdiction if the defendant resided in a different county. Certainly that case was one in which, in a sense, the ownership of the land was involved; and yet the court reached the conclusion just stated, Jenkins, J., remarking (page 62) that cases respecting titles to land were "cases in which the plaintiff asserts his title to the land in question, and depends for a recovery upon his maintenance of it; or to supply a link in the chain, wanting by reason of accident or other cause." To the same effect, see *Bivins* v. *Bivins*, 37 *Ga.* 346.

In *Eagle & Phenix Manufacturing Co.* v. *West*, 61 *Ga.* 120, it was, upon the authority of the two cases last cited, held that the superior court of the county wherein some of the defendants resided against whom substantial relief was prayed had jurisdiction of the bill, though the object of it was to set aside the sale of stock in a manufacturing company located in another county, which stock, under the code then of force, was realty. Again, in *Fulgham* v. *Pate*, 77 *Ga.* 454, it was held that as equity cases are to be tried in the county wherein a defendant against whom substantial relief is prayed resides, a bill filed in that county was not demurrable for want of jurisdiction, on the ground that land lying in another county was involved in the litigation. See, also, the recent case of *Clayton* v. *Stetson*, 101 *Ga.* 634, in which a very similar ruling was made. In that case Atkinson, J., in discussing the two paragraphs of the constitution, one providing that equity cases must be brought in the county in which a defendant resides against whom substan-

tial relief is prayed, and the other requiring suits respecting titles to land to be brought in the county where the land lies, remarked, "If the cause of action be an equitable one, it must be brought in the county of the defendant's residence, or if the plaintiff relies only upon the assertion of a common-law right, it must be brought in the county where the land lies." He further observed, "The two sections of the constitution last above quoted operate as limitations upon the jurisdiction of the superior court, which are to be defined in the one case by the place of the residence of the defendant, and in the other by the place of the situation of the land." It seems clear that, in principle, the case at bar is controlled by the foregoing decisions of this court, and the last two appear to be directly in point.

The equitable petition was therefore properly brought in Habersham county, that being the county of the residence of the two defendants against whom substantial relief was prayed, and Mrs. Hix is bound by the judgment therein rendered.

*Judgment affirmed. All concurring, except Cobb, J., absent.*