*G. S. Kytle,* contra.

---

## SOUTHERN TITLE GUARANTEE CO. *et al. v.* LAWSHE.

1. An equitable petition to cancel deeds as a cloud on the plaintiff's title must be brought in the county of the residence of a defendant against whom substantial relief is sought.

(a) The suit, as originally filed, was of this character.

2. Amendments attaching an abstract of the deeds under which the plaintiff claimed, and alleging that the substantial defendant, which held a deed to secure a debt and was proceeding to exercise a power of sale contained in it, had "no valid title to the land or lien thereon," and praying that "judgment be rendered adjudicating the title to the above-described lands to be in the plaintiff," did not change the suit into an action of ejectment or complaint for land, or authorize it to be tried in the county where the land lay.

(a) The mere proceeding to exercise the power to sell, contained in a deed to secure a loan, did not of itself constitute any such ouster or adverse possession as authorized the bringing of an action of ejectment.·

(b) If the amended suit should be treated as an action of ejectment, or in the nature of ejectment, involving the title to land, so as to be tried in the county where the land lay, it was fatally defective in allegations, and was subject to dismissal on general demurrer.

JANUARY 16, 1912.

Equitable petition. Before Judge Fite. Gordon superior court. March 7, 1910.

Mrs. Willie J. Lawshe brought her suit in the superior court of Gordon county against the Southern Title Guarantee Company, a corporation having its principal office and place of business in Floyd county, with an agent in Gordon county, and against E. H. and C. E. Davis of Floyd county. She alleged, in brief, as follows: She is the owner of lots of land 52, 126, and 128 in the 25th district and third section of Gordon county, by grant from the State of Georgia to W. B. W. Dent, and from said Dent by will to the mother of plaintiff, plaintiff being the only heir of her mother. The Southern Title Guarantee Company, advertised the land for sale at public outcry on the first Tuesday in May, 1909, under a pretended deed to secure a debt, with power of sale from E. H. & C. E. Davis, dated January 7, 1909, to secure an alleged

note of $1,000, dated said date and due March 6, 1909, which deed was recorded April 19, 1909. The company through its agent intends to sell the land at public outcry, or by private sale, and is negotiating a private sale, when it has no title to the land or lien thereon. Defendants claim under a pretended deed from W. B. W. Dent to William Solomon, and from William Solomon to W. W. Ashburn, and from Ashburn to E. H. & C. E. Davis, and from said Davises to the Southern Title Guarantee Company. The deed herein referred to is spurious and invalid, and is a cloud upon plaintiff's title. Upon information and belief plaintiff alleges that the deed from W. B. W. Dent to William Solomon, dated January 5, 1851, recorded December 21, 1907, in book T of deeds, page 382, in the clerk's office of the superior court, is a forgery. Plaintiff alleged that she was remediless at law; and prayed that the defendants be enjoined from selling, conveying, or mortgaging the land in controversy, or from granting any easement thereon; and that the deeds from Dent to Solomon, from Solomon to Ashburn, from Ashburn to the Davises, and from the Davises to Southern Title Guarantee Company be declared null and void, and that they be canceled as clouds upon plaintiff's title; and for process and general relief. The plaintiff filed three amendments to her petition. By the first she attached as an exhibit an abstract of title "to the lands sued for" and alleged "that defendants claim title to said lands, although defendants have no valid title thereto or lien thereon;" and added a prayer for a judgment adjudicating the title to the lands described in the plaintiff. By the second amendment she alleged that she held the lands under certain muniments of title. By the third she struck certain paragraphs of the original petition, alleging that the defendants claimed under certain deeds, which were spurious and invalid, and one of which was alleged, on information and belief, to be a forgery, and in lieu thereof alleged as follows: "that defendants have no valid claim of title to said lots, but the defendants claim under certain alleged pretended deeds which are spurious and invalid and are clouds upon plaintiff's title."

The Southern Title Guarantee Company filed a demurrer, among other grounds, because the petition set forth no cause of action; and because it shows, on its face, that the superior court of Gordon county has no jurisdiction of the case, as none of the

defendants against whom substantial relief is prayed reside in Gordon county, but are residents of Floyd county. All of the defendants filed their plea to the jurisdiction, in which they set up that they were not residents of Gordon county, but were residents of Floyd county, that they had never resided in Gordon county, nor did they have any agents who could accept service or against whom substantial relief could be granted. The Davises alleged that they had no title to the property described in the petition, but that they had parted with the title, prior to the filing of the petition, by quitclaim deed. The defendants also filed an answer in which they stated that it was done without waiving service, their plea to the jurisdiction, or their general or special demurrers.

The court overruled the demurrer, the plea to the jurisdiction, and a motion made to continue the case on account of surprise; all of which rulings the defendants assigned as error. The court directed a verdict for the plaintiff, upon which a judgment was entered; and the defendants excepted.

*George A. Coffee,* for plaintiffs in error.

*Paul F. Akin* and *J. M. Lang,* contra.

LUMPKIN, J. From the report of facts it will be seen at a glance that the original petition was equitable in its nature. The sole purpose was to cancel certain deeds as a cloud on the title of the plaintiff, to enjoin a sale under a power contained in a deed made to secure a debt, and for general relief. If it set out any cause of action at all, it was purely equitable in character. The mere allegation that the defendants "had no valid title to said land or lien thereon," and the prayer for process, did not make the case an action of ejectment. It appeared on the face of the petition that the substantial defendants resided in another county, and that there was no jurisdiction to try the case in the county where it was brought. Civil Code (1910), § 6540. The point was raised by demurrer and by plea to the jurisdiction. The defendants also filed an answer, in which it was stated that it was filed without waiving service, or their demurrer or plea to the jurisdiction. Both the plea and answer were verified on May 12, 1909. The entry of filing on the latter was dated June 15, 1910, " by order of the court." The entry on the former was dated June 21. It was urged that this waived objection to the jurisdiction. If so as to the plea, the point was also made by the demurrer, which appears

to have been urged before the answer was filed. Three amendments to the petition were filed, in the effort to confer jurisdiction on the court. By the first, the plaintiff alleged that she claimed under a certain chain of deeds. By the second, the plaintiff attached an abstract of title " to the land sued for," and alleged that "the defendants claim title to said lands, although defendants have no valid title thereto or lien thereon." It was also prayed that "judgment be rendered adjudicating the title to the above-described lands to be in the plaintiff." By the third amendment the plaintiff struck from the petition the allegations as to the chain of deeds terminating in that held by the defendant corporation, and alleged that the defendants had no valid chain of title to the lots, but claimed " under certain alleged pretended deeds which are spurious and invalid and are clouds upon the plaintiff's title."

. It is contended that the action was one of ejectment or its statutory equivalent; and if not so originally, that it became so after the amendments were made. Primarily an action of ejectment was to recover land from one who held it wrongfully. We need not discuss what character or extent of ouster or adverse possession will authorize the bringing of an action of ejectment. Nor is it necessary to decide whether a purely equitable action can be brought in a county where there is no jurisdiction, and be amended into an action of complaint for land which could be properly brought here. We know of no law authorizing a plaintiff who alleges that " she holds certain lands " under certain deeds to bring a suit in a county where the land lies, against a person who lives in another county, and who has no possession of the land and has in no way ousted the plaintiff, and confer jurisdiction on the court of the former county by alleging that the defendant holds a deed to secure a debt, that his claim is not valid, and the plaintiff has a title which he would like to have declared good. This is not the meaning of the constitutional provision fixing the venue of actions respecting titles to land in the county where the land lies.

It is said that the defendant corporation is proceeding to exercise the power of sale contained in the security deed, and is in " constructive possession " of the land. A mere proceeding to exercise a power of sale contained in a deed to secure a debt is not

31

alone such an ouster or adverse possession of the land as furnishes a basis for an action of ejectment. If the petition as amended should be treated as in the nature of an action of ejectment, it was fatally defective.

The rule that in ejectment lease, entry, and ouster must be admitted, which is invoked in behalf of the defendant in error, applies where there is an allegation of lease, entry, and ouster, or what is considered equivalent thereto, in a statutory form of action to recover land. It can hardly be contended that an action of ejectment would lie with no allegation of ouster, or that the consent rule would supply such a failure of allegation. And the rule that where there is a right there is a remedy, and the court having jurisdiction of the case will, if necessary, frame a remedy, which is also urged, can not help the defendant in error; because here the court has no jurisdiction of the case. It should have been dismissed accordingly.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*