## ELKINS v. MERRITT.

A writ of error will not lie to the Supreme Court to correct the judgment of the superior court in a proceeding of processioning land, instituted under the Civil Code, §§ 3817-3823. Where a writ of error in a case of that character is brought to this court, it will, in conformity with the constitution of this State, be transferred to the Court of Appeals.

APRIL 10, 1917.

Processioning. Before Judge Cox. Grady superior court. October 5, 1916.

*L. W. Rigsby,* for plaintiff.

*Roscoe Luke* and *M. L. Ledford,* for defendant.

FISH, C. J. The land processioners in the Higdon District G. M., in Grady county, filed their return in the office of the ordinary; and one of the landowners, being dissatisfied, filed his protest under the Civil Code, § 3823, and the papers were transmitted to the superior court, where they were filed and docketed for trial. At the conclusion of the evidence offered by both sides, the judge entered an order dismissing the processioning proceedings. Upon this judgment the case was brought to this court by writ of error. By the recent amendment to the constitution of this State, defining the jurisdiction of the Supreme Court and of the Court of Appeals (Acts 1916, p. 19), it is declared: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities, in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise pro-

vided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination." If the case could be reviewed in this court under any of the provisions of the above excerpt, it would be under the class of "cases respecting title to land." In the constitution of the State it is declared: "Cases respecting titles to land shall be tried in the county where the land lies, except where a single tract is divided by a county line, in which case the superior court in either county shall have jurisdiction." Civil Code, § 6539. It is declared in the Civil Code, § 5528, that all suits respecting the title to lands shall be tried in the superior court of the county wherein the land lies. In *Royston* v. *Royston,* 21 *Ga.* 161, being a suit for the sale of land, it was held that the provision in the State constitution requiring the title to lands to be tried in the county where the land lies does not apply where the title is only incidentally involved, and not directly put in issue. Upon this principle it has been held that the above provision of the constitution does not apply to cases of cancellation of deeds (*Saffold* v. *Scottish American Mortgage Co.,* 98 *Ga.* 785, 27 S. E. 208; *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478, 73 S. E. 661); actions for specific performance of contracts for the sale of land (*Lowe* v. *Mann,* 74 *Ga.* 387); actions to enjoin trespass on realty (*Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181, 52 S. E. 439). Others might be mentioned, but these are sufficient to illustrate the point. The language, "in all cases respecting title to land," as employed in the amendment to the constitution in 1916, is a repetition of the language contained in the existing constitution and statute above indicated, and should be construed as conferring jurisdiction upon this court to review cases from the superior courts where title to land was directly involved, not in cases where it was only incidentally involved  The law of processioning is a statutory proceeding contained in the Civil Code, §§ 3817-3823. The only object of such proceeding is to mark anew existing land lines. The proceeding is summary, before processioners who have no jurisdiction, under the constitution, to decide questions of title to land. The extent of their jurisdiction is to

mark anew pre-existing land lines and file their report showing the location of the line marked by them with the ordinary of the county. Where either party is dissatisfied, he can file a protest, and it is the duty of the ordinary to transmit the papers to the superior court, where the issue as to the correctness of the line will be tried. On such trial the issue is solely as to the remarking of the old line. It is declared: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." But in applying this law, it has been held that the question with which processioners deal is not one of prescription but of boundary (*Christian* v. *Weaver,* 79 *Ga.* 406, 7 S. E. 261), clearly indicating that the question of title is not being tried. The remedy afforded by the law of processioning assumes that each of the contending parties has title to his property, and is never employed to determine that one of them has and the other has not title. In such a proceeding, if the title is involved at all, it is only incidentally involved, and questions arising therein do not make the case one respecting title to land within the meaning of the constitution, which authorizes the review of the judgment of the trial court by the Supreme Court. As the Supreme Court has not jurisdiction, the case will be transmitted to the Court of Appeals, in conformity with the provisions of the constitution.

*All the Justices concur.*