## GRIFFIN *v.* LEGGETT.

This is a claim case in which a fi. fa. was levied on ungathered corn and fodder stacked and standing in the field. The only question in issue is whether the defendant in fi. fa. was the tenant, or whether such defendant in fi. fa. rented the land on which the corn was grown, as the agent of his wife. The owner of the land was not interested in the case, and the title to the land was not involved, notwithstanding the rule that ungathered crops are considered as a part of the realty. Under the constitution, article 6, section 2, paragraph 5, as amended in 1916, it is provided that the Supreme Court shall have jurisdiction in all cases "respecting titles to land," etc. This court being without jurisdiction, the case is ordered transferred to the Court of Appeals, which has jurisdiction.

No. 3194. JUNE 16, 1922.

Claim. Before Judge Gower. Dooly superior court. February 23, 1922.

*Watts Powell,* for plaintiff in error. *J. M. Busbee,* contra.

GILBERT, J. H. M. Leggett obtained a judgment against V. H. Griffin for $150, besides interest and costs. Fi. fa. was issued thereon, and subsequently was levied on "20 acres of corn, more or less, average about 10 bu. to acre; 5 stacks of fodder about 35 bundles to stack, more or less. The above property levied on as property of defendant in fi. fa." Mrs. Edna Griffin, the wife of the defendant in fi. fa., filed a claim to the property. It appears that V. H. Griffin, the defendant, rented a small tract of land

from Hunter Folks, and the result of the suit turned on whether Griffin was acting for himself or as agent for his wife, the claimant in the case. If for himself, he was the tenant, and the crops levied upon would be subject to the fi. fa. If acting as agent for his wife, she became the tenant, and the property levied on would not be subject to the fi. fa. It has been decided by this court: " A crop of corn not detached from the soil, whether mature or immature, is a part of the realty, and passes by sale of the land without contractual reservation of the crop." *Newton County* v. *Boyd,* 148 *Ga.* 761 (98 S. E. 347) ; *Williams* v. *Mitchem,* 151 *Ga.* 227, 234 (106 S. E. 284). These cases contain a sufficient discussion of the question whether ungathered crops are part of the realty or not, and it is unnecessary to add anything to what was said. The first-cited case came to this court on an equitable proceeding for an accounting. The latter case arose on certiorari to the Court of Appeals, and originated in the trial court as an action in trover. In neither case was the jurisdiction of this court determined on account of the character of the property forming the basis of the suit. Undoubtedly it is established in this State that ungathered crops are a part of the realty. Under the constitution of this State, however, the case must be one respecting title to land, and the title must be directly involved. *Elkins* v. *Merritt,* 146 *Ga.* 647 (92 S. E. 51), and authorities cited. Article 6, sec. 2, par. 5, of the constitution as amended in 1916 is the only constitutional provision bearing in any degree on the power of this court to take jurisdiction of a case involving ungathered crops, but not of the title to the land itself. Is the suit one " respecting titles to land " ? We think the answer is clear, that while a suit involving the title to ungathered crops is one respecting property which is a part of the realty, and therefore in some respects treated as realty, the case is not one " respecting titles to land." Therefore this court is without jurisdiction; and it is ordered that the case be transferred to the Court of Appeals, which has jurisdiction of the case.

*All the Justices concur, except Atkinson, J., dissenting.*