## COLLEY *et al. v.* ATLANTA AND WEST POINT RAILROAD COMPANY.

This court is without jurisdiction to review a case, under the constitutional provision conferring upon it jurisdiction in " all cases respecting titles to land," when title is not directly, but only incidentally, involved.

No. 3652. JULY 20, 1923.

Complaint. Before Judge Roop. Troup superior court. February 1, 1923.

*M. U. Mooty,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman* and *A. H. Thompson,* for defendant.

HINES, J. C. S. Colley and W. P. Arnold sued the Atlanta and West Point Railroad Company, and made this case: C. S. Colley, on or about Sept. 22, 1920, purchased from Mrs. Frank Word

certain real property in the town of Hogansville, on which was a spring, and took her deed thereto. He bought this property for W. P. Arnold, and on or about that date he executed a bond for title to Arnold, who took possession thereof under said bond and is still in possession. On Aug. 1, 1915, Mrs. Word and the Atlanta & West Point Railroad Co. entered into a contract by which the latter was to get water from this spring for a period of five years, for the sum of $12.50 per month, payable monthly in advance. This contract provided that it could be renewed at its expiration on like terms. Under the renewal terms of this contract, the railroad company paid Mrs. Word $12.50 on Aug. 1, 1920, and the same amount on Sept. 1, 1920. Petitioners succeed to all the rights of Mrs. Word under said contract, alleging that this contract was a covenant running with the land, which inured to their benefit. Said contract was renewed between the parties thereto on Aug. 1, 1920, by the defendant continuing to use the water rights thereunder after said date, and by said payments for the water used on August 1st and September 1st, 1920. The petition was in two counts, the first being based on said contract, and the second in the nature of a quantum meruit; and plaintiffs sought to recover for said monthly sums which the defendant was to pay for the water under said contract. Plaintiffs prayed judgment for said monthly payments from and after Oct. 1, 1920. There was no prayer for any equitable relief. The defendant answered the petition, and alleged that the contract between it and Mrs. Word was a personal contract, and not a covenant running with the land; that the same was without consideration; that it had not been renewed at its expiration; and that this company had the right to use the water from said spring under a duly recorded deed from William Hogan, dated July 13, 1850, he being the common grantor under whom Mrs. Word, the plaintiffs, and the defendant claim. The defendant prayed for no equitable relief.

If this court has jurisdiction to decide this case, it has it under the provision of the constitutional amendment of 1916 (Acts 1916, p. 19), which confers on it jurisdiction " in all cases respecting titles to land," This language is not new in our statutory and constitutional law; and this court has had occasion to consider and construe this language. In the constitution of 1861, there was this provision: " The superior court shall have exclusive juris-

diction in all cases respecting titles to land, which shall be tried in the county where the land lies." Code of 1861, § 4977. In *Smith* v. *Bryan,* 34 *Ga.* 53, this court, in construing the meaning of this language, made this ruling: "A bill in equity to set aside a sale of land, and cancel the deed on account of fraud, is not a 'case respecting title to land,' by intendment of the 5th clause, 2d section, 4th article of the constitution of Georgia; and the superior court of the county in which the land lies has no jurisdiction in such case, if the defendant reside in a different county." In that case this court said: "What, in intendment of the constitution, are 'cases respecting titles to land?' We understand them to be, cases in which the plaintiff asserts his title to the land in question, and depends for a recovery upon his maintenance of it; or to supply a link in the chain, wanting by reason of accident or other cause."

In *Bivins* v. *Bivins,* 37 *Ga.* 346, this court said: "A bill filed against a defendant to require him to execute a title to land, upon the ground of fraudulent procurement of the title thereto in his own name, is not such a suit respecting titles to land as will give jurisdiction to the court in the county where the land lies, where the defendant resides in a different county." In *Taylor* v. *Cloud,* 40 *Ga.* 288, this court decided that a bill filed, to set aside a fraudulent deed to land, and praying possession of the land, was not a case respecting the title to the land, which could be brought in the county where the land was located, the defendant residing in a different county. A bill to set aside and cancel a deed is not such a suit respecting titles to land as must be brought in the county where the land lies. *McArthur* v. *Matthewson,* 67 *Ga.* 134; *Saffold* v. *Scottish Am. Mortgage Co.,* 98 *Ga.* 785 (27 S. E. 208). In *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572), this court held: "A bill in equity to enjoin a trespass upon realty by felling timber is not such a suit respecting the title to land as must be brought in the county where the land lies." A bill for specific performance of a contract of sale of land is not a suit respecting the title to land. *Lowe* v. *Mann,* 74 *Ga.* 387. The defense of failure of consideration to an action upon promissory notes for the price of land held by defendant under bond for title from the plaintiff, on the ground that the plaintiff did not have and could not make a good title to the land, did not render the case one

respecting titles to land. " In such a suit the title to land is only incidentally or collaterally involved." *Black* v. *Fritz,* 98 *Ga.* 32 (25 S. E. 188). An equitable petition against a man and his wife, to subject to judgments against the former, held by the plaintiff, land to which the wife fraudulently and in collusion with the husband claimed title to defeat the collection of the plaintiff's claims, is not a suit respecting titles to land. *Hix* v. *Kiser,* 103 *Ga.* 738 (30 S. E. 583). So a suit by a widow against the executor of her deceased husband, seeking to enforce an implied trust in her favor in land, on the ground that the land was purchased by her husband with her money, but the deed thereto was taken in his name, was not such a suit " respecting titles to land " as to give jurisdiction thereof to the superior court of the county where the land was located. *Martin* v. *Gaissert,* 134 *Ga.* 34 (67 S. E. 536).

In the above and similar cases the proceedings are not " cases respecting titles to land," " although to investigate the question it was absolutely necessary to inquire into the validity of the title to land." *Clark* v. *Beall,* 39 *Ga.* 533, 541. In *Elkins* v. *Merritt,* 146 *Ga.* 647 (92 S. E. 51), this court held that the language of the constitutional amendment of 1916, giving this court jurisdiction in " all cases respecting titles to land," being a repetition of the language employed in the constitution in fixing the venue of " cases respecting titles to land," in view of the decisions construing this language in the latter provision, " should be construed as conferring jurisdiction upon this court to review cases from the superior courts where title to land was directly involved, not cases where it was only incidentally involved." This case was followed in *Frey* v. *Thompson,* 147 *Ga.* 559 (94 S. E. 999), and *Griffin* v. *Leggett,* 153 *Ga.* 663 (112 S. E. 899). In the latter case this court again said : " Under the constitution of this State, however, the case must be one respecting title to land, and the title must be direcly involved." In the case in hand title was not directly, but only incidentally, involved, It follows, under the above authorities, that it is not a case respecting title to land in the meaning of, of the constitution, and that this court is without jurisdiction to determine it. It is accordingly transferred to the Court of Appeals.                    *All the Justices concur.*