## JONES v. SIKES et al.

HINES, J. This was a claim to personal property. By amendment the claimant sought to set up an equitable estoppel. He did not seek any affirmative equitable relief; but he set up the facts alleged in this amendment defensively. In *Arnold* v. *Water Power & Mining Co.*, 147 *Ga.* 91 (92 S. E. 889), this court held, that "Where a dispossessory warrant is sued out to evict a tenant, who alleges facts which are only defensive in character, and no equitable or affirmative relief is prayed, the action is a statutory one falling within the jurisdiction of the Court of Appeals, and not within the jurisdiction of the Supreme Court." In the amendment the claimant did not seek affirmative equitable relief. He pleaded the facts therein set out defensively. It follows from the above ruling, that the Court of Appeals has jurisdiction of this case. It is accordingly transferred to that court.

*All the Justices concur.*

No. 4906. FEBRUARY 13, 1926.

Claim. Before Judge Sheppard. Tattnall superior court. March 26, 1925.

F. C. and J. R. Smith gave to the Claxton Bank their note for $3,500, indorsed by E. H. Sikes, H. J. Easterling, and H. H. De-Loach. To secure the indorsers against loss the makers mortgaged to them the following property: "One certain mill in the town of Hagan, known as the F. C. Smith Milling Company, consisting of real estate, buildings, improvements, various grain handling machinery and supplies, said mill owned and operated by F. C. Smith and J. R. Smith." The makers failed to pay the note, and the indorsers paid it. Thereupon they foreclosed said mortgage as one on personalty. Execution issued, commanding the sale, as the property of J. R. Smith as administrator of F. C. Smith, and of J. R. Smith individually, of the following property: "One certain mill in the town of Hagan known as the F. C. Smith Milling Company, consisting of various grain handling machinery and supplies, said mill being the mill owned and operated by the said F. C. Smith and J. R. Smith," alleged in the execution to be the property embraced in the mortgage. The mortgage fi. fa. was levied upon the following property: "One corn-shucker and sheller complete, Sandwich make. One hay-press equipped to run by steam, rapid-fire make. One shaft about 20 feet long, and 4 pulleys. One 8-inch belt about 25 feet long. One 12-inch belt about 40 feet long. Two wooden wheeled dump-carts, Fair-

Courts 15 C. J. p. 1039, n. 55.

banks make, and one floor-truck. One pair Howe floor scales. One 2-3/16-inch shaft about 20 feet long, with 3 pulleys attached. Four small loose iron pulleys, and one 30-inch pulley. One bean-meal grinder, manufactured by Bauer Brothers Co., at Springfield, Ohio, and two bean-crushers, all complete. One line shaft about 66 feet long, 2-3/16 inches size, and six pulleys attached. One meal-box with six partitions. Two pieces of belting, and pile of junk in room next to office. One meal-grits machine-blower complete. One flour-box with two partitions. One 30-inch steel pulley with 30-inch base. One flour-box. One side-crank Atlas engine about 100 horsepower. One dynamo. One Virginia-Carolina Chemical Company boiler and fittings complete; same being made at Albany, Georgia. One sawdust scoop; desks and chairs and other office furniture and fixtures in the office of the said F. C. Smith Milling Company's office at Hagan, Georgia. One water-tank and piping. One 16-inch belt about 75 feet long on the engine drive. Drive wheel. One Erie engine made by the Erie Engine Works, of about 25 horsepower. One button saw and rig. One 2-inch shaft about 20 feet long, with one 24-inch pulley and one 12-inch pulley attached. One sawmill consisting of saw, carriage, roller-benches, carriages, cable, carriage tracking, and 2 shive wheels. One 2-inch steam pipe about 40 feet long." M. F. Jones filed a claim to the property so levied upon. By amendment he alleged that the property levied upon had belonged to F. C. Smith; that it was regularly sold by J. R. Smith, administrator of F. C. Smith, under an order of the court of ordinary, after due advertisement; that claimant bought the same for the sum of $3,150; that E. H. Sikes, one of the plaintiffs in fi. fa., was present at said sale, did not object thereto, and did not put any one on notice of his mortgage on said property, but stood by and acquiesced in said sale and by his silence sanctioned it; that claimant paid the full amount of the purchase-price of said property to the administrator of the estate of F. C. Smith; that the administrator paid $1,000 of this money to the Claxton Bank upon the note of F. C. and J. R. Smith, indorsed by the plaintiffs in fi. fa., and this payment was made with their knowledge and consent; that by reason of these facts the plaintiffs in fi. fa. are estopped from pressing their mortgage fi. fa., and that, in the

event it should be determined that plaintiffs are not estopped by their said acts and conduct, claimant "requests the court to direct the plaintiffs to pay back to him said sum of money with interest, as a condition precedent to the finding of said property subject to said lien." The issues formed on the claim were tried, and the jury returned a verdict finding the property subject. Claimant filed a motion for new trial, which was overruled, and the claimant excepted.

*H. R. Kimbrough, L. C. Anderson,* and *P. M. Anderson,* for plaintiff in error.

*J. Saxton Daniel,* contra.