ROBERTS *v.* MITCHELL.

HINES, J.    1. The municipal court of Atlanta has jurisdiction of "proceedings against intruders and tenants holding over." Acts 1925, pp. 370, 387; *Harper* v. *Tomblin,* 127 *Ga.* 390 (56 S. E. 433).

2. The issue made by the defendant's counter-affidavit to the proceeding to eject her as a tenant at sufferance, who failed to pay rent, was tenancy or no tenancy, and the question of the plaintiff's title was not directly involved. *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806); *Hayes Hayes*, 137 *Ga.* 362, 365 (73 S. E. 659); *Crawford* v. *Crawford*, 139 *Ga.* 394 (77 S. E. 557); *Arnold* v. *Water Power & Mining Co.*, 147 *Ga.* 91 (92 S. E. 889).

3. The defensive allegations of the counter-affidavit, that the defendant had the legal title to the premises in dispute, and that she claimed title to the same and the right to occupy the premises, no affirmative relief being sought, did not put her title directly in issue, but it was only incidentally involved; and they did not make the case one respecting title to land, of which the municipal court of Atlanta did not have jurisdiction. *Royston* v. *Royston*, 21 *Ga.* 161 (9); *Lowe* v. *Mann*, 74 *Ga.* 387; *Saffold* v. *Scottish American Mortgage Co.*, 98 *Ga.* 785 (27 S. E. 208); *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (52 S. E. 439); *Southern Title &c. Co.* v. *Lawshe*, 137 *Ga.* 478 (73 S. E. 661); *Elkins* v. *Merritt*, 146 *Ga.* 647 (92 S. E. 51).

4. Proof of such allegations, nothing further appearing to the contrary, would require an adjudication in favor of the defendant on the merits. *Durden* v. *Clack*, 94 *Ga.* 278 (21 S. E. 521).

5. Applying the above rulings, the judgment of the municipal court of Atlanta in this case was not void for lack of jurisdiction of the subject-matter; and the judge of the superior court did not err in refusing to enjoin the enforcement of that judgment.

*Judgment affirmed. All the Justices concur.*

No. 6369. APRIL 13, 1928.

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. November 11, 1927.

C. R. Mitchell as trustee under a deed from T. W. James to Charles Ryan Mitchell, James Royal Mitchell, Mrs. Jeannett Roberts, née Jackson, and Ryan Mitchell, instituted in the municipal court of Atlanta a proceeding to dispossess Jeannett Mitchell Roberts as his tenant at sufferance of described premises for her failure to pay rent due thereon. In her counter-affidavit the tenant deposed "that she has the legal title to the" premises in dispute, "or that the title is invested in affiant or her brother Royal Mitchell and Mrs. Ryan Cameron, that she claims title to the same, and claims the right to occupy said property, that the deed to said property puts the title in the above-named parties, that she is not indebted in any amount for rent to any person, and that she is not the tenant of C. R. Mitchell, trustee." She gave bond with sureties, as required by the statute in such proceedings. Upon the trial the municipal court of Atlanta rendered judgment in favor of the plaintiff, that the dispossessory warrant be

executed by removing the tenant and her property from the premises, and that the plaintiff recover from the tenant and the sureties upon her bond the sum of $116.50 for rent from the time said warrant was issued to the present date, with future rent at the rate of $70 per month until the tenant is dispossessed or yields possession to the plaintiff. Thereupon the tenant filed her petition against the landlord and the marshal of the municipal court of Atlanta, in which she alleged the facts above stated, and in addition made these allegations: The municipal court of Atlanta has no jurisdiction to try and decide the title to real estate. The question in this case is one of title, and not of tenancy. Officers from the municipal court of Atlanta have demanded that she move, or they would move her. The municipal court of Atlanta had no jurisdiction to enter any judgment in said case, and said judgment is absolutely void and unenforceable. If the marshal of the municipal court of Atlanta or his deputies enforce said judgment against her and dispossess her from the premises to which she claims title, she will be damaged in the sum of $5000. Charles Ryan Mitchell is insolvent. She prayed that the plaintiff in the dispossessory warrant proceeding, and the marshal of the municipal court of Atlanta be enjoined from dispossessing her under said warrant.

C. R. Mitchell demurred to the petition, upon the grounds: (a) that it sets forth no cause of action; (b) that there is no equity therein; (c) that it does not allege that the defendant is insolvent; (d) that it shows that the dispossessory warrant was a proceeding by the defendant to obtain possession of said property from petitioner as his tenant, and was not a suit respecting the title to land; (e) that the counter-affidavit did not conform to the requirements of section 5387 of the Code; (f) that said affidavit did not have the effect of putting the title in issue or making the proceeding one respecting the title to land; (g) that the title to the land was only incidentally involved; and (h) that the petition fails to set forth a copy of the dispossessory warrant and the counter-affidavit, or a copy or the contents of the judgment of the municipal court. C. R. Mitchell also filed his answer in which he admitted the suing out of the warrant, the counter-affidavit filed by the defendant therein, and the judgment of the municipal court. He set out copies of the proceedings. He alleged that under the deed from

T. W. James, copy of which he attached to his answer, he is entitled to the possession of the premises in dispute and to the income therefrom for and during his lifetime, that he has permitted petitioner, who is his daughter, to occupy said premises since early in 1925, as his tenant at sufferance, and that she has refused to pay rent or give up the premises. The deed from T. W. James, under which the defendant claims title, provides that the property is not to be sold under any pretext whatever, or divided, or mortgaged, or in any way encumbered, so long as Charles Ryan Mitchell shall live, or any one of the three children shall remain a minor, and that the income from said premises, after the payment of taxes, insurance, and the necessary repairs of the property, shall be used by Charles Ryan Mitchell for the support and maintenance of his family and the education of his children.

The trial judge refused to grant an injunction. The plaintiff excepted.

*Ray & Ray,* for plaintiff.
*Mitchell & Mitchell,* for defendant.