RADCLIFFE, administrator, *v.* JONES *et al.*

No. 8647.    FEBRUARY 10, 1932.

*W. V. Custer & Son,* for plaintiff in error.
*W. H. Miller* and *P. D. Rich,* contra.

HINES, J.    Riley and Hattie Henderson executed to Frances Kwilecki a deed to a house and lot, to secure a debt.    This deed was transferred by the grantee, with all her rights and powers thereunder, to Sam and Simmie Jones.    This transfer was not under seal, and was attested by only one witness, who was not an officer.    The grantors defaulted in the payment of the secured debt, and the transferees exercised the power of sale embraced therein, and, after advertising the property for sale in accordance with the terms contained in the power of sale, sold the same, when it was bought in by the transferees, and a conveyance was made to them.    Riley Henderson was living in the house, and after the sale he refused to surrender possession of the property to the purchasers and refused to pay them rent.    Thereupon the purchasers sued out a dispossessory warrant against him, and in their affidavit to obtain the warrant they set up that Henderson was in possession of said premises as a tenant, failed to pay the rent due for the same, and was holding the same over and beyond the term for which the same was rented or leased to him, that they desired and had demanded possession thereof, and that the same had been refused by him.    Henderson filed his counter-affidavit in which he deposed that he was not indebted to the plaintiffs in any amount for rent of said premises, that he was not placed in possession by plaintiffs, and that he was not holding possession of the same under them or any person through whom they claimed, but that said property was his property.    Plaintiffs amended their affidavit by alleging the facts hereinbefore set forth, as to the making of said security deed by Henderson, the transfer thereof to them, the exercise of the power of sale contained therein, the

conveyance of said property to them, that Henderson remained in possession thereof as a tenant at sufferance, that he refused to surrender possession of the premises to them after demand, that the rent of said premises was reasonably worth $12 per month, and that Henderson failed and refused to pay any rent. After the institution of the dispossessory proceeding, another transfer of the security deed was obtained by plaintiffs from Frances Kwilecki, the same being under seal and properly attested.

The issue thus made came on for trial before a jury. Plaintiffs introduced in evidence the security deed, with the entries of the two transfers thereon. The defendant objected upon the ground that the transfer first appearing on the deed was not executed in accordance with law, in that there was only one witness, that the transfer was not acknowledged before a notary public, and that it was not executed with the same formality as the deed which it sought to transfer. The court overruled this objection and admitted said deed with the transfers thereon, to which ruling the defendant excepts and assigns error thereon, because it was contrary to law, and because said transfer was ineffectual to pass the title or vest the power of sale in the transferees, and the second transfer was made subsequently to the suing out of the dispossessory proceedings. Plaintiffs then offered in evidence the conveyance to them made under the exercise of said power of sale. The defendant objected to the introduction of this deed, upon the grounds that there was no evidence as to the advertisement of said property as recited in said deed, that the makers thereof were not vested with the powers in the security deed, and that the same was irrelevant and inadmissible. The court overruled said objection and admitted said deed, to which ruling the defendant excepts and assigns error thereon, because it was contrary to law, and because said deed was wholly insufficient to pass title to the plaintiffs in this case.

Plaintiffs introduced evidence tending to prove their case. The defendant introduced no evidence. The court directed a verdict for the plaintiff for the premises in dispute and for double rent, and decreed that a writ of possession issue against the defendant in favor of the plaintiffs. To this verdict and decree the defendant excepts, because they are contrary to law, without evidence to support them, and because there was a question "of value for the

possession of land before the jury," which was a question for the jury to pass upon, and which could not be passed upon by the court as a matter of law. The death of the plaintiff in error on August 12, 1931, was suggested of record, and the temporary administrator of his estate was made a party in his stead.

Has this court jurisdiction to entertain this writ of error and to pass upon the questions raised therein? If it has, its jurisdiction must arise from the provision in the constitution of this State which vests in it jurisdiction "in all cases respecting titles to land." 10 Park's Code, § 6502. Is this a case respecting title to land, within the meaning of this provision of the constitution of this State? Plaintiffs sued out a warrant to dispossess the defendant as their tenant who failed to pay the rent due and was holding the premises over and beyond the term for which they were rented or leased to him. By an amendment to their affidavit to obtain the dispossessory warrant they alleged that the defendant and Hattie Henderson had executed to Frances Kwilecki a deed to the premises to secure debt, that this deed was transferred by the grantee with all her rights and powers thereunder to them, and that the grantors had defaulted in making payment of the secured debt, when the transferees exercised the power of sale embraced in the deed, and, after advertising the property for sale in accordance with the terms of the power, sold the same, when it was bought in by them and the conveyance was made to them. They alleged that the defendant refused to surrender possession of the property to them and to pay them rent. In his counter-affidavit the defendant denied that he was indebted to plaintiffs in any amount for rent, that he was placed in possession of the premises by plaintiffs, and that he was holding possession of the premises under them or any person through whom they claimed, but alleged that the said property was his property. Was this dispossessory proceeding a case respecting title to land within the meaning of the above constitutional provision?

To bring a case within this provision of the constitution the title to land must be directly and not incidentally involved. This principle is now well settled by numerous decisions of this court. In *Royston* v. *Royston,* 21 *Ga.* 161, this court ruled that "The provision in the State constitution, requiring the title to lands to be tried in the county where they lie, does not apply where the title

is incidentally involved only, and is not directly put in issue." In that case a petition was filed in equity for the sale of a large plantation, and for the division of the proceeds among the owners thereof. Under the constitution of 1861, exclusive jurisdiction was vested in the superior court "in all cases respecting titles to land, which shall be tried in the county where the land lies." Code of 1861, § 4977. In *Smith* v. *Bryan,* 34 *Ga.* 53, this court, in construing the meaning of the above language, held that a bill in equity to set aside a sale of land, and to cancel the deed thereto on account of fraud, was not a case respecting title to land within the intendment of the above constitutional provision. So in *Bivins* v. *Bivins,* 37 *Ga.* 346, this court held that a bill filed to require a defendant to execute a title to land to the complainant, upon the ground of fraudulent procurement of the title thereto in his own name by the defendant, is not such a suit respecting title to land as would give jurisdiction to the court in the county where the land lies, when the defendant resides in a different county. So in *Taylor* v. *Cloud,* 40 *Ga.* 288, this court decided that a bill to set aside a fraudulent deed to land, and praying for possession thereof, was not a case respecting title to land which could be brought in the county where the land was located, the defendant residing in a different county. So this court has held that a bill to set aside and cancel a deed is not such a suit respecting title to land as must be brought in the county where the land lies. *McArthur* v. *Matthewson,* 67 *Ga.* 134; *Saffold* v. *Scottish American Mortgage Co.,* 98 *Ga.* 785 (27 S. E. 208). So in *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572), this court held that a bill in equity to enjoin a trespass upon realty by felling timber was not such a suit respecting title to land as must be brought in the county where the land lies. So we have held that a bill for specific performance of a contract of sale of land is not a suit respecting the title to land. *Lowe* v. *Mann,* 74 *Ga.* 387. So the defense of failure of consideration to an action upon notes given for the price of land, on the ground that the plaintiff did not have and could not make a good title to the land, did not render the case one respecting title to land. *Black* v. *Fritz,* 98 *Ga.* 32 (25 S. E. 188). So an equitable petition against a man and his wife, to subject to judgments against the former land to which the wife fraudulently and collusively obtained title to defeat the plaintiff's claim,

was not a suit respecting title to land. *Hicks* v. *Kiser,* 103 *Ga.* 738 (30 S. E. 583). So a suit by a widow against the executor of her deceased husband, in which she sought to impose an implied trust in her favor in the land on the ground that the land was purchased by her husband with her money, but the deed thereto was taken in his name, was held not to be a suit respecting title to land, so as to give jurisdiction thereof to the superior court of the county where the land was located. *Martin* v. *Gaissert,* 134 *Ga.* 34 (67 S. E. 536). So a writ of error will not lie to this court to correct the judgment of the superior court in a proceeding for processioning land. *Elkins* v. *Merritt,* 146 *Ga.* 647 (92 S. E. 51). So we have held that a proceeding to establish a copy of a lost deed to land is not a case involving title to land within the meaning of this provision of the constitution. *Drawdy* v. *Musselwhite,* 150 *Ga.* 723 (105 S. E. 298). In the above and similar cases the proceedings were not cases respecting titles to land, "although to investigate the question it was absolutely necessary to inquire into the validity of the title to land." *Clark* v. *Beall,* 39 *Ga.* 533, 541. So in *Elkins* v. *Merritt,* supra, this court held that the language of the constitutional amendment of 1916, giving this court jurisdiction "in all cases respecting titles to land," being a repetition of the language embraced in the constitution fixing the venue of "cases respecting titles to land," in view of the decisions construing the language of the latter provision, should be construed as conferring upon this court jurisdiction to review cases from the superior court where title to land was directly involved, and not cases where it was only incidentally involved. The case last cited was followed in *Frey* v. *Thompson,* 147 *Ga.* 559 (94 S. E. 999), and *Griffin* v. *Leggett,* 153 *Ga.* 663 (112 S. E. 899). The above rulings were followed in *Colley* v. *A. & W. P. R. Co.,* 156 *Ga.* 43 (118 S. E. 712).

So where a dispossessory warrant is sued out to evict a tenant, who alleges facts which are only defensive in character, and no equitable or affirmative relief is prayed, the action is a statutory one falling within the jurisdiction of the Court of Appeals, and not within the jurisdiction of this court. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806); *Arnold* v. *Water Power & Mining Co.,* 147 *Ga.* 91 (92 S. E. 889); *Jones* v. *Sikes,* 161 *Ga.* 799 (131 S. E. 900); *Anderson* v. *Watkins,* 170 *Ga.* 483 (153 S. E. 8). The

defensive allegations of the counter-affidavit, that the defendant had the legal right to the premises in dispute and that he claimed title to the same and the right to occupy the premises, no affirmative relief being sought, would not put his title directly in issue, but it was only incidentally involved; and they would not make the case one respecting title to land. *Roberts* v. *Mitchell,* 166 *Ga.* 229 (142 S. E. 882).

So we are of the opinion that this case comes within the jurisdiction of the Court of Appeals, and it is therefore transferred to that court. *All the Justices concur.*