## FULLER *v.* CALHOUN NATIONAL BANK.

No. 12387. SEPTEMBER 24, 1938.

*J. H. Paschall,* for plaintiff in error. *Joe M. Lang,* contra.

BELL, Justice. In the original petition the plaintiff prayed for cancellation of the defendant's discharge in bankruptcy, and for general equitable relief. It was thus a "case in equity" within the meaning of that phrase as related to the jurisdiction of the Supreme Court. Code, § 2-3005. It was not, however, a suit to

foreclose a security deed as an equitable mortgage. *Jones* v. *Lawman,* 184 *Ga.* 25 (190 S. E. 607). After amendment the plaintiff prayed only for a judgment establishing a special lien on the land conveyed by the security deed, and for a judgment in rem on the note. The relief as thus finally asked by the plaintiff was legal, and not equitable. *McCall* v. *Herring,* 116 *Ga.* 235 (2), 239 (42 S. E. 468); *Burgess* v. *Ohio National Life Ins. Co.,* 177 *Ga.* 48, 52 (169 S. E. 364). It follows that while the petition began as a suit in equity, it was converted by amendment into an action at law. The bill of exceptions contains no assignment of error on the allowance of this amendment, and so far as appears from the record it was allowed without objection. As related to jurisdiction, therefore, the petition as amended is to be treated as an action at law, and not as a suit in equity. *Coals* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Benton* v. *Benton,* 164 *Ga.* 541 (139 S. E. 68); *Royal Arcanum* v. *Lester,* 184 *Ga.* 51 (190 S. E. 562); *Mills Lumber Co.* v. *Milam,* 184 *Ga.* 455 (192 S. E. 35). Nor was affirmative equitable relief prayed for in the answer of the defendant. Neither the petition nor the answer made a case respecting title to land. *Griffin* v. *Leggett,* 153 *Ga.* 663 (112 S. E. 899); *Colley* v. *Atlanta & West Point Railroad Co.,* 156 *Ga.* 43 (118 S. E. 712); *Radcliffe* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679). The case is not one otherwise falling within the jurisdiction of the Supreme Court, and it will be transferred to the Court of Appeals. As to jurisdiction the present case differs from *Harrell* v. *Parker,* 186 *Ga.* 760, in which an amendment striking the equitable features of a petition was allowed *over objection, and this ruling was assigned as error in the bill of exceptions.*

*Transferred to the Court of Appeals. All the Justices concur.*