31561.   KRASNER v. CROSWELL *et al.*

Decided October 4, 1947.   Adhered to on rehearing December 20, 1947.

*Norman Krasner*, in propria personae.   *D. M. Krasner*, for plaintiff in error.

*Paul H. Anderson, Robert P. McLarty*, contra.

MacIntyre, P. J. ■   The court erred in refusing the defendant's demand for a trial by jury.   Section 39 of the act of 1913 (Ga. L. 1913, pp. 145, 165), creating the Municipal Court of

Atlanta, provides in part: "The defendant in such action may file a written demand for a trial by jury on or before the day upon which he is required to appear in court in response to said proceeding and upon such defendant's failure thereupon to demand a trial by jury, he will be held to have waived the same."

In the case sub judice, the tender to the marshal of the counter-affidavit of the defendant was not an appearance in court by him, nor did the affidavit require him to make any appearance in court. The counter-affidavit merely arrested the proceedings, and the marshal turned both the affidavit of the owners and the affidavit of the defendant into court, where the issues between the parties could be tried and determined. The first appearance in court required of the defendant was when the issues made by the affidavit and counter-affidavit were called for trial, and the defendant filed his written demand for a trial by jury before he made any appearance in court. For these reasons, we think that the demand was timely and should have been granted.

■ It is not necessary to determine whether the defendant was entitled to a jury of twelve or a jury of six, since his demand for a trial by jury was refused, and he was not furnished either number of jurors to try the issues raised by the pleadings. Since there was no ruling made in the lower court as to the number of jurors to which the defendant was entitled, this issue need not be determined here.

■ The court did not err in overruling the defendant's plea to the jurisdiction. The Civil Court of Fulton County has jurisdiction to hear and determine the issues raised by an affidavit to eject an intruder, and a counter-affidavit thereto. Ga. L. 1925, pp. 370, 387; *Roberts v. Mitchell*, 166 *Ga.* 229 (1) (142 (S. E. 882).

■ As the case is being reversed, it is not necessary to pass on the question whether the verdict was authorized by the evidence.

■ The Appellate Division of the Civil Court of Fulton County erred in affirming the judgment of the trial judge, and in overruling the defendant's motion for new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

ON REHEARING

MacINTYRE, P. J. On rehearing the plaintiffs contend that this court overlooked the fact that the defendant did not make

his demand for a jury trial upon the form prescribed by the Clerk of the Civil Court of Fulton County and upon pink paper, as required by Rule 10 of the Rules of the Civil Court of Fulton County.

Conceding, but not deciding, that the Civil Court of Fulton County has the right to prescribe such a rule for the demand of a trial by jury, where the record does not disclose such rules, but does disclose a timely written demand for a jury trial, this court cannot say, as a matter of law, that the demand was not made in accordance with the rules prescribed.

The contention of the plaintiffs is not meritorious.

*Judgment adhered to. Gardner and Townsend, JJ., concur.*