32132.   KRASNER *v.* CROSWELL *et al.*

DECIDED SEPTEMBER 25, 1948.

*Norman Krasner,* pro se.   *D. W. Krasner,* for plaintiff in error.
*Paul H. Anderson, Robert P. McLarty,* contra.

PARKER, J.  Mrs. Helen J. Croswell and Mrs. Margaret A. Croswell made an affidavit for the issuance of an intruder's warrant against Norman Krasner.  The defendant filed his counter-affidavit and arrested the proceedings, which were returned to the Civil Court of Fulton County.  The case was tried and judgment rendered in favor of the plaintiffs.  The defendant made a motion for a new trial which was overruled, and he appealed to the Appellate Division of the Civil Court.  The Appellate Division affirmed the judgment of the trial court, and the defendant filed a bill of exceptions to this court complaining of that judgment.  After the decision of the Appellate Division and before the bill of exceptions to this court was presented to the trial court, a writ of possession was issued in the trial court and the defendant was evicted from certain premises described in the writ.  Subsequently this court reversed the trial court in overruling the defendant's motion for new trial, *Krasner* v. *Croswell,* 76 *Ga. App.* 373 (45 S. E. 2d, 800).  Thereafter the defendant tendered to the marshal of the trial court a demand that he be restored to possession of the property from which he had been evicted pending his appeal, and subsequently made a motion to the court for a summary order restoring him to possession.  The court overruled the motion, and the defendant filed an appeal to the Appellate Division of the court complaining only of the refusal of the trial judge to grant the motion for restoration to possession.  The appellate division dismissed the appeal, and the sole exception here is to that ruling.

"No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to

some material party thereto." Code, § 6-701. The plaintiff in error excepts to an adverse ruling by the trial court on his motion to have himself restored to possession of the property pending the outcome of the case wherein the sole contention between the parties is the right to the possession of the property. A restoration of the defendant to possession would not terminate the main case, and it would still be pending in the trial court with the only real issue yet to be tried. Under these circumstances, this court has no alternative other than to dismiss the bill of exceptions as being premature. Numerous cases construing and applying the Code section above could be cited, but we think that this is unnecessary.

*Writ of error dismissed. Sutton, C. J., and Felton, J., concur.*